USCA1 Opinion

 

 July 28, 1992 ____________________ No. 92-1008 JAVIER A. MARTINEZ, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Roberto Gonzalez and Rappoport, Audette, Bazar & Farley, on brief ________________ ___________________________________ for petitioner. Stuart M. Gerson, Assistant Attorney General, Robert Kendall, __________________ ________________ Jr., Assistant Director, and Donald E. Keener, Office of Immigration ___ _________________ Litigation, Civil Division, United States Department of Justice, on brief for respondent. ____________________ ____________________ SELYA, Circuit Judge. This is a petition to review _____________ a decision of the Board of Immigration Appeals (Board) denying an application for a waiver of deportation under 212(c) of the Immigration and Naturalization Act (Act), 8 U.S.C. 1182(c). I. BACKGROUND __________ Petitioner is a twenty-seven-year-old native and citizen of the Dominican Republic. He first entered the United States on a two-year tourist visa in 1974, but remained here unlawfully after the visa expired. In 1983 he obtained lawful permanent resident status. In 1990, petitioner was convicted for possession of cocaine, delivery of heroin, and driving to endanger. Following these convictions, the government brought deportation proceedings. At a preliminary hearing, petitioner conceded that he had been convicted of violating controlled substance laws and was, therefore, deportable. He was also found to be deportable as an aggravated felon. After a hearing, however, an immigration judge (IJ) granted petitioner's application for a discretionary waiver of deportation under section 212(c) of the Act. The Immigration and Naturalization Service appealed the IJ's decision. The Board sustained the appeal because petitioner "has a significant history of criminal activity . . . and . . . has engaged in criminal -2- activities for the entire time he has been a lawful permanent resident." Petitioner now seeks appellate review. II. DISCUSSION __________ The Board's decision whether to grant a waiver under section 212(c) is discretionary. In reviewing a discretionary decision of the Board, we determine only whether the decision was arbitrary, capricious, or an abuse of discretion. Hazzard v. INS, 951 F.2d 435, 438 (1st Cir. _______ ___ 1991). Accordingly, we will uphold a decision of the Board denying a section 212(c) waiver "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Williams v. ________ INS, 773 F.2d 8, 9 (1st Cir. 1985). To the extent that we ___ review the Board's factfinding, we do so under the substantial evidence standard. Blackwood v. INS, 803 F.2d _________ ___ 1165, 1168 (11th Cir. 1986). That is, if the facts found by the Board are supported by "such relevant evidence as a reasonable mind might accept to support [such] a conclusion," they will be upheld upon review. Consolo v. Federal Maritime _______ ________________ Commission, 383 U.S. 607, 619-20 (1966). __________ In this proceeding, petitioner makes several arguments. We deal with these in turn. 1. Deferral to the Immigration Judge's Findings ____________________________________________ Petitioner argues that the Board was required to defer to the IJ's findings on credibility and rehabilitation. -3- This argument has no merit. It is well established that the Board may review the administrative record de novo and make __ ____ its own findings of fact and law, including findings relating to a petitioner's credibility. Cordoba-Chaves v. INS, 946 ______________ ___ F.2d 1244, 1249 (7th Cir. 1991); Castillo-Rodriguez v. INS, __________________ ___ 929 F.2d 181, 184-85 (5th Cir. 1991); Goon Wing Wah v. INS, _____________ ___ 386 F.2d 292, 293-94 (1st Cir. 1967). 2. Failure to Admit Additional Evidence or to ___________________________________________ Remand to Immigration Judge ___________________________ Upon appeal to the Board petitioner submitted additional evidence to support the IJ's decision, asking the Board to remand the case for further hearing if it did not uphold the decision. The Board declined to consider the additional evidence, noting that "only 5 months have elapsed since the respondent's release from prison. . . . Accordingly, any new evidence of rehabilitation, even if considered, would not be conclusive." We do not agree with petitioner that the Board's failure to consider petitioner's additional evidence or to remand the case for further hearing was an abuse of discretion. To the extent that the evidence repeated testimony given at the hearing, it was cumulative, hence, not material. See Cobourne v. INS, 779 F.2d 1564, 1566-67 (11th ___ ________ ___ Cir. 1986); Young v. Department of Justice, 759 F.2d 450, _____ ______________________ 456-57 (5th Cir.), cert. denied, 474 U.S. 996 (1985). And as ____________ the Board noted, the additional evidence covered a very brief -4- period of time. Since petitioner had once before completed a drug treatment program, but had subsequently continued to use and sell drugs, the Board's determination that evidence of such short duration would not conclusively establish his rehabilitation was reasonable. See Blackwood, 803 F.2d at ___ _________ 1167. 3. Factual and Legal Errors ________________________ Petitioner claims that the Board made numerous factual and legal errors. To the extent that petitioner's assignments of error concern inferences the Board drew from conflicting evidence or the way in which the Board weighted different factors, they are without merit. See Consolo, 383 ___ _______ U.S. at 620; Joseph v. INS, 909 F.2d 605, 607 (1st Cir. ______ ___ 1990); Osuchukwu v. INS, 744 F.2d 1136, 1141 (5th Cir. 1984). _________ ___ We discuss only the remaining asseverations. First, petitioner claims that the Board abused its discretion by failing to find that petitioner's employment history was a favorable factor. In its decision the Board noted that "a history of employment" is a favorable factor to be considered in determining whether to grant the section 212(c) waiver, but it failed to make any mention of petitioner's own employment history. Assuming the Board's failure to consider a relevant favorable factor may sometimes constitute an abuse of discretion, see, e.g., Jen Hung Ng v. ___ ____ ___________ INS, 804 F.2d 534, 540 (9th Cir. 1986), the evidence ___ -5- submitted in this case shows that petitioner's employment history would not be a significant favorable factor for him. With the exception of his employment in 1982-83, his precise dates of employment before 1986 are either unverified by his employers or unknown. From 1986 to 1990, when he was imprisoned, petitioner was engaged in lawful work for only five months. During the same time frame, he spent several years engaged in the illicit selling of drugs. We also note that petitioner's attorney failed to present petitioner's employment history as a favorable factor to the IJ. Moreover, counsel did not solicit petitioner's oral testimony on this point at the hearing. In arguing to the Board that his prior employment was a favorable factor, petitioner stated simply, and incorrectly, that he "has a record of steady employment going back to 1983." He made no attempt to elaborate on his allegation or to discuss the specifics of the documentary evidence he submitted. A party who suggests a point to the Board fleetingly and without any developed argumentation is not entitled to complain if the Board disregards the passing reference. See Nunez-Pena v. ___ __________ INS, 956 F.2d 223, 225 n.4 (10th Cir. 1992); Khalaf v. INS, ___ ______ ___ 909 F.2d 589, 592 (1st Cir. 1990). Consequently, the Board's failure to consider petitioner's employment history was not error. -6- Second, petitioner argues that the Board erred by failing to consider certain specific claims made or evidence presented in the proceedings below. We have carefully examined the alleged omissions. The Board discussed all the salient aspects of petitioner's claims which were (a) properly before it and (b) supported by specific evidence. No more was exigible. Where, as here, the Board has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented. See Vergara-Molina v. INS, 956 F.2d ___ ______________ ___ 682, 685 (7th Cir. 1992); Villanueva-Franco v. INS, 802 F.2d _________________ ___ 327, 329-30 (9th Cir. 1986); Yahkpua v. INS, 770 F.2d 1317, _______ ___ 1321 (5th Cir. 1985); cf. Sanchez v. INS, 755 F.2d 1158, 1160 ___ _______ ___ (5th Cir. 1985) ("Thus, our review is limited to ascertaining whether any consideration has been given by the Board to a ___ limited range of factors, nor are we free to undermine the discretion of the Board by parsing these factors into ever smaller subfactors and requiring the Board to consider the pieces.") (emphasis in original; footnote omitted). Finally, petitioner argues that, even if the alleged errors are insignificant standing alone, taken together they represent "significant errors" requiring reversal of the Board's decision. Here, however, petitioner's individual assignments of error are devoid of -7- merit and the Board's decision "sets out clearly the ground which forms the basis for [its] denial of the discretionary [waiver]." Crespo-Gomez v. Richard, 780 F.2d 932, 935 (11th ____________ _______ Cir. 1986). That being so, and because the facts of this case fall well within the factual profiles of other cases in which aliens with controlled substance convictions have been denied section 212(c) waivers, see, e.g., Hazzard, 951 F.2d ___ ____ _______ 435; Blackwood, 803 F.2d 1165; Matter of Edwards, Interim _________ __________________ Dec. No. 3134 (BIA 1990); Matter of Buscemi, 19 I. & N. Dec. __________________ 628 (BIA 1988), petitioner's argument is unpersuasive. 4. Failure to Articulate Guidelines for ___________________________________________ Determining When an Applicant's Equities Meet the ____________ _____________________________________ Board's Standard ________ ________ Petitioner claims that the Board also acted arbitrarily when it found that he had not shown unusual or outstanding equities because it has failed to articulate "guideline[s]" for determining what that standard means and how to apply it. The Board's application of the "unusual or outstanding equities" standard in section 212(c) cases has been accepted both by this court, see, e.g., Hazzard, 951 ___ ____ _______ F.2d at 438-39, and by other courts, see, e.g., Ayala-Chavez ___ ____ ____________ v. INS, 944 F.2d 638, 641 (9th Cir. 1991); Nunez-Pena, 956 ___ __________ F.2d at 225. Petitioner has presented no compelling reason for us to revisit this issue. III. CONCLUSION __________ -8- We need go no further. Inasmuch as this petition presents no substantial question, we summarily affirm the decision of the Board. See 1st Cir. Rule 27.1. ___ The petition for review is denied and dismissed. _______________________________________________ -9-