USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1043 No. 93-1348 BEATRICE WHITE, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITIONS FOR REVIEW OF ORDERS OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Breyer, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and McAuliffe,* District Judge. ______________ ____________________ Gerald D. Wall with whom Victoria Lewis and Greater Boston Legal ______________ ______________ _____________________ Services were on brief for petitioner. ________ Alison R. Drucker, Attorney, Office of Immigration Litigation, __________________ Civil Division, Department of Justice, with whom Frank W. Hunger, ________________ Assistant Attorney General, and Lisa Dornell, Acting Assistant _____________ Director, Office of Immigration Litigation, Civil Division, Department of Justice, were on brief for respondent. ____________________ March 3, 1994 ____________________ _____________________ *Of the District of New Hampshire, sitting by designation. McAULIFFE, District Judge. The Board of McAULIFFE, District Judge. _______________ Immigration Appeals ("BIA") ordered Beatrice White deported and denied her application for discretionary relief from deportation. White concedes the deportation order's validity, but petitions this court to set aside the BIA's denial of discretionary relief. 8 U.S.C. 1105a(a). See ___ Foti v. INS, 375 U.S. 217 (1963); Joseph v. INS, 909 F.2d ___________ _____________ 605, 606 (1st Cir. 1990). Although we find that the BIA erred, we conclude that the error was harmless and affirm. I. Background I. Background White, a citizen of the Dominican Republic, has lived as a permanent resident in this country since 1970. In 1982 she was arrested and charged with five separate drug and three separate firearm offenses.1 She was tried, convicted, and sentenced in the Massachusetts Superior Court on four of the charged drug offenses. The remaining drug charge and the three firearm charges were placed "on file" ____________________ 1 White was charged with committing three crimes on October 29, 1982 (possession of cocaine with intent to distribute, possession of heroin, and unlawful possession of a handgun), and five crimes on December 16, 1982 (two counts of possession of cocaine with intent to distribute, possession of heroin with intent to distribute, and two counts of unlawful possession of a handgun). -2- 2 by that court.2 No penalties were imposed on any of the "filed" charges. Citing one of the 1983 drug convictions (possession of cocaine with the intent to distribute), the Immigration and Naturalization Service (INS) ordered White to show cause why she should not be deported. Following an administrative hearing, White was found to be deportable under 241(a) of the Immigration and Nationality Act ("INA" or "the Act") (recodified at 8 U.S.C. 1251(a)(2)(B)(i)). The immigration judge denied her application for discretionary waiver of deportation under INA 212(c) (recodified at 8 U.S.C. 1182(c)).3 White appealed to the Board of Immigration Appeals ("BIA"). The BIA found that while the immigration judge erred in intimating (if not ruling) that discretionary ____________________ 2 White pleaded guilty to the remaining drug offense before it was "filed." A jury returned a guilty verdict on one of the firearm charges, but the court placed that charge on file and did not enter judgment. The other two firearm charges were also "filed," without entry of a guilty plea or determination of guilt. See our discussion of the Massachusetts "filing" procedure, infra. _____ 3 Congress amended INA 212(c) in 1990 to eliminate the availability of discretionary relief for any alien convicted of an aggravated felony who has served five years or more in prison. The amendment applies to applications for discretionary relief filed after November 20, 1991. See De ___ __ Osorio v. INS, 10 F.3d 1034 (4th Cir. 1993). White applied _____________ for a waiver of deportation in 1986. -3- 3 relief under 212(c) was unavailable to White because she had been found guilty of serious drug offenses, any prejudice resulting from that error could be remedied by applying the correct legal standard on appeal. Acknowledging White's eligibility for discretionary relief ___________ despite her serious drug offenses, the BIA reassessed all equitable factors relevant to her application and independently determined that discretionary relief was not warranted. The BIA observed that "while [the equities favoring White] may be unusual or outstanding, [they] are not sufficient to counterbalance her ser[i]ous criminal misconduct." BIA Decision at 5. That serious criminal misconduct was described as follows: [She] was convicted of _________ multiple counts of possession of cocaine or heroin with intent to distribute, and ___ possession of firearms, and ________________________ one count of possession of heroin. She committed crimes ________________ involving drug trafficking and ___ firearms on two separate ________ occasions . . . . [P]ossession and trafficking in drugs is a very serious adverse factor in determining whether discretionary relief is warranted under section 212(c). We find this _________________ particularly true where ______________________________ -4- 4 firearms are involved, given ______________________ the potential for violence and homicide they represent, as is not uncommon where drug trafficking exists, and which together tear at the very ________ fabric of our society. BIA Decision at 5 (emphasis added). II. The Issues II. The Issues White challenges the denial of a discretionary waiver of deportability, arguing that the BIA erred as a matter of law when it weighed her "filed" charges as if they had been final "convictions." White also complains that the BIA gave too much weight to certain adverse factors and too little weight to favorable factors in denying relief. Only the first point requires discussion.4 ____________________ 4 In concluding that White's positive equities were insufficient to offset negative factors, the BIA considered the evidence before it. To the extent White's complaints are directed to the relative weight given favorable and unfavorable factors, they are without merit. Gouveia v. ___________ INS, 980 F.2d 814, 819 (1st Cir. 1992). ___ -5- 5 III. Discussion III. Discussion Because the decision to grant or deny relief from deportation under 212(c) is a matter committed to the BIA's discretion, we consider only whether the BIA acted arbitrarily or capriciously, or abused its discretion. Hazzard v. INS, 951 F.2d 435, 438 (1st Cir. 1991); McLean v. ______________ _________ INS, 901 F.2d 204, 205 (1st Cir. 1990). The decision must ___ be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." McLean, 901 ______ F.2d at 205 (quoting Williams v. INS, 773 F.2d 8, 9 (1st ________________ Cir. 1985)). In this case we need consider only whether the BIA's decision "rested on an impermissible basis" that is, whether White's "filed" charges, particularly those related to firearms, were improperly considered as convictions, and, if so, whether that error was prejudicial. ___________ Section 241(a)(11) of the INA declares deportable any alien who "at any time has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance." 8 U.S.C. 1251(a)(11). But an alien so convicted, like petitioner, may nevertheless apply for a waiver of deportation under 212(c) of the Act if he -6- 6 or she has been a lawful permanent resident of the United States for at least seven years. 8 U.S.C. 1182(c); see ___ Joseph, 909 F.2d at 606 n.1; Gando-Coello v. INS, 888 F.2d ______ ____________________ 197, 198 (1st Cir. 1989). Once statutory eligibility is established, a waiver may be granted or denied at the discretion of the Attorney General. The Attorney General has delegated exercise of her discretion to the BIA. See, ___ e.g., Katsis v. INS, 997 F.2d 1067, 1076 (3rd Cir. 1993), ____ ______________ cert. denied, 127 L. Ed. 2d 93 (1994); Akrap v. INS, 966 _____ ______ ____________ F.2d 267, 271 (7th Cir. 1992). A. Convictions for Immigration Purposes ____________________________________ As we have held before, federal law defines the term "conviction" as it is used in the immigration context. Molina v. INS, 981 F.2d 14, 19 (1st Cir. 1992) ("[T]he need _____________ for national uniformity in the application of federal law and the history of [the] word [conviction] as applied by the INS . . . and the courts, suggest that the federal word, while reflecting basic state usage, need not provide its __________ precise mirror image."); Pino v. Nicolls, 215 F.2d 237, 243 _______ ________________ (1st Cir. 1954), rev'd on other grounds, Pino v. Landon, 349 ______________________ ______________ U.S. 901 (1955) (per curiam). -7- 7 As a general rule, even where there has been no formal adjudication of guilt, an alien will still be considered to have been "convicted" for immigration purposes if: (1) a judge or jury has found the alien guilty or he [or she] has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty; (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed . . . ; and (3) a judgment of adjudication of guilt may be entered if the person violates the terms of his [or her] probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge. Matter of Ozkok, Int. Dec. 3044 at 13 (BIA 1988)5; see also _______________ ___ ____ Molina, 981 F.2d at 18 (applying the Ozkok test). ______ _____ ____________________ 5 We defer to the BIA's interpretation of the INA unless that interpretation is manifestly contrary to the statute. See Mosquera-Perez v. INS, 3 F.3d 553, 555 (1st Cir. 1993) ___ ______________________ (citing Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837 (1984)). ____________________________ -8- 8 Superimposed on the BIA's three-part test is an additional requirement: the "conviction" must have attained a sufficient degree of finality. Matter of Ozkok, Int. Dec. ________________ 3044 at 13 n.6 (BIA 1988) (citing Pino v. Landon, 349 U.S. ______________ 901 (1955) (per curiam) (conviction placed "on file" by the Massachusetts Superior Court was insufficiently final for deportation purposes)). This finality requirement is satisfied if direct appellate review of the conviction has either been exhausted or waived. Id.; Martinez-Montoya v. __ ___________________ INS, 904 F.2d 1018 (5th Cir. 1990); see also Morales- ___ ___ ____ ________ Alvarado v. INS, 655 F.2d 172 (9th Cir. 1981). _______________ It is apparent, and the INS seems willing to concede,6 that White's "filed" criminal charges, including the three charges related to unlawful firearm possession, simply do not qualify as "convictions" for immigration purposes. Under Massachusetts law the "filing" of a charge at any stage completely suspends the adjudicative process, including the defendant's right to appeal, until such time as the court reactivates or makes some further disposition of the case. See Commonwealth v. Delgado, 367 Mass. 432, ___ _______________________ 438, 326 N.E.2d 716, 722 (Mass. 1975). In White's case, no punishment or penalty or restraint on liberty has been ____________________ 6 See Respondent's Brief at 27-28. ___ -9- 9 imposed on any of the filed charges, nor has she exhausted or waived her right to direct appellate review. Accordingly, the BIA should not have considered the filed charges as "convictions" in deciding whether to grant White discretionary relief from deportation. Having done so, the BIA erred. B. Prejudicial Error _________________ We turn now to a more troublesome question. Was White prejudiced by the error? Improper consideration of favorable or unfavorable factors by the BIA may sometimes constitute abuse of discretion, and remand is generally required if the mistake could have affected the balance of equities upon which the decision rests. See Martinez v. ___ ____________ INS, 970 F.2d 973, 975 (1st Cir. 1992) (citing Jen Hung Ng ___ ___________ v. INS, 804 F.2d 534, 540 (9th Cir. 1986)); See, e.g., _______ ___ ____ Yepes-Prado v. INS, No. 91-70114, 1993 U.S. App. LEXIS 29444 __________________ at *4 (9th Cir. Oct. 8, 1993) (as modified); Shahandeh-Pey _____________ v. INS, 831 F.2d 1384, 1389 (7th Cir. 1987). However, we ______ also recognize that the BIA's decision need not be disturbed on appeal if the error is "marginal." See, e.g., Akrap, 966 ___ ____ _____ F.2d at 272 n.9 (declining to reverse denial of discretionary relief where BIA mistakenly assumed petitioner -10- 10 had six drug convictions when in fact he had five); Spencer _______ Livestock Comm'n v. Dep't of Agriculture, 841 F.2d 1451, __________________________________________ 1458 (9th Cir. 1988) (affirming administrative judgment even though two consent orders were improperly considered as evidence of trade violations, where other evidence of violations existed). White is undeniably deportable, and the BIA's mischaracterization of her filed charges did not preclude consideration for discretionary relief.7 She concedes that in reviewing an application for discretionary relief the BIA may consider any evidence of bad character or undesirability as a permanent resident. See Matter of Edwards, Int. Dec. ___ __________________ 3134 at 8 (BIA 1990) (listing adverse factors relevant to discretionary determinations). Here, the BIA certainly could have considered her filed charges as some evidence ____ weighing against discretionary relief. See, e.g., Bustos- ___ ____ _______ Torres v. INS, 898 F.2d 1053, 1055 (5th Cir. 1990) (evidence _____________ admissible if probative and fundamentally fair). After all, White pleaded guilty to the filed drug charge and was found guilty by a jury on one of the filed firearm charges. Given ____________________ 7 Cf. Marino v. INS, 537 F.2d 686 (2d Cir. 1976) __ _______________ (conviction precludes eligibility for adjustment of status); Martinez-Montoya v. INS, 904 F.2d 1018 (5th Cir. 1990) _________________________ (conviction precludes eligibility for legalization). -11- 11 that evidence and the number, seriousness, and recency of White's unquestionably final drug convictions, as well as the other adverse factors found, it is difficult to perceive how the BIA's mistake could have affected the balance of equities on which the denial rested. The BIA found White's convictions for drug possession and drug trafficking to be "a very serious adverse factor" which could be offset only by a demonstration of "unusual or outstanding equities." BIA Decision at 4. That these drug convictions should weigh so heavily against petitioner's favorable equities, the BIA concluded, was "particularly true where firearms are involved." Id. at 5 (emphasis added). The record contains ________ __ ample reliable evidence of White's simultaneous involvement with drugs and firearms. The BIA's conclusion that the severity of petitioner's drug convictions was enhanced by her association with firearms is a finding justified by the record and well within the boundaries of its discretion. To be sure, the filed charges were erroneously referred to as "convictions," but the BIA did not rely on the fact of firearm "convictions" per se in denying relief; it relied on White's conduct involving drugs and guns. _______ -12- 12 IV. Conclusion IV. Conclusion The distinction between proof of guilt by final conviction and by some less reliable means is an important one to maintain. But here, that distinction played no discernible role in the outcome. The BIA's error was marginal and harmless under these facts. See Liwanag v. ___ ___________ INS, 872 F.2d 685, 687 n.2 (5th Cir. 1989) (no need to ___ remand a case where there is little likelihood that the agency would have reached a different conclusion but for the error); Akrap, supra. _____ _____ The denial of discretionary relief is affirmed. ________ -13- 13