23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Bernardo Antonio ALMONTE-RODRIGUEZ, A/K/A Melanio Espinal, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-2307
 United States Court of Appeals,
First Circuit.
 May 6, 1994
 
 Frank W. Hunger, Assistant Attorney General, Richard M. Evans, Assistant Director, and Ellen Sue Shapiro, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, on brief for respondent.
 B.I.A.
 DENIED.
 Before Torruella, Selya and Stahl, Circuit Judges. Melanio Espinal on Petition for Review of an Order of the Board of Immigration Appeals pro se.
 Per Curiam.
 
 
 1
 We have reviewed the record and we conclude that the Board did not abuse its considerable discretion in determining that petitioner did not warrant discretionary relief from deportation.
 
 
 2
 1. Petitioner faults the Board for not mentioning various pieces of evidence, but the Board was not required to do so. The immigration judge dictated a lengthy opinion, containing extensive factual findings and a reasoned explanation for the denial of discretionary relief. The Board, in a short order, agreed with the immigration judge, affirmed his decision, and briefly summarized the reasons for denying discretionary relief. This was sufficient. The Board is not required to restate every piece of evidence or detail of reasoning. See Martinez v. INS, 970 F.2d 973, 976 (1st Cir. 1992) (Board not required to "address specifically each claim the petitioner made on each piece of evidence the petitioner presented").
 
 
 3
 2. Neither the Board nor immigration judge improperly applied precedent or abused its discretion in concluding that petitioner was not sufficiently rehabilitated and in considering the lack of rehabilitation in its decision to deny discretionary relief. Gonzalez v. INS, 996 F.2d 804, 811-12 (6th Cir. 1993); Akrap v. INS, 966 F.2d 267, 272-73 (7th Cir. 1992).
 
 
 4
 3. We will not consider petitioner's challenge, raised for the first time in his reply brief, to the Board's allegedly unwritten policy of denying discretionary relief to any drug offender. There is nothing on the face of the immigration judge's lengthy opinion (which carefully considered and weighed the favorable and unfavorable circumstances pertaining to petitioner) or in the Board's decision indicating that such an unwritten policy exists; petitioner's drug involvement was not minor or isolated; and litigants may not raise issues for the first time in a reply brief. Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 3 (1st Cir. 1983).
 
 
 5
 The petition for judicial review is denied.