USCA1 Opinion

 

 May 6, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2307 BERNARDO ANTONIO ALMONTE-RODRIGUEZ, A/K/A MELANIO ESPINAL, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ ____________________ Melanio Espinal on Petition for Review of an Order of the Board _______________ of Immigration Appeals pro se. Frank W. Hunger, Assistant Attorney General, Richard M. Evans, ________________ _________________ Assistant Director, and Ellen Sue Shapiro, Office of Immigration ___________________ Litigation, Civil Division, U.S. Department of Justice, on brief for respondent. ____________________ ____________________ Per Curiam. We have reviewed the record and we __________ conclude that the Board did not abuse its considerable discretion in determining that petitioner did not warrant discretionary relief from deportation. 1. Petitioner faults the Board for not mentioning various pieces of evidence, but the Board was not required to do so. The immigration judge dictated a lengthy opinion, containing extensive factual findings and a reasoned explanation for the denial of discretionary relief. The Board, in a short order, agreed with the immigration judge, affirmed his decision, and briefly summarized the reasons for denying discretionary relief. This was sufficient. The Board is not required to restate every piece of evidence or detail of reasoning. See Martinez v. INS, 970 F.2d 973, 976 ___ ________ ___ (1st Cir. 1992) (Board not required to "address specifically each claim the petitioner made on each piece of evidence the petitioner presented"). 2. Neither the Board nor immigration judge improperly applied precedent or abused its discretion in concluding that petitioner was not sufficiently rehabilitated and in considering the lack of rehabilitation in its decision to deny discretionary relief. Gonzalez v. INS, 996 F.2d 804, ________ ___ 811-12 (6th Cir. 1993); Akrap v. INS, 966 F.2d 267, 272-73 _____ ___ (7th Cir. 1992). 3. We will not consider petitioner's challenge, raised for the first time in his reply brief, to the Board's allegedly unwritten policy of denying discretionary relief to any drug offender. There is nothing on the face of the immigration judge's lengthy opinion (which carefully considered and weighed the favorable and unfavorable circumstances pertaining to petitioner) or in the Board's decision indicating that such an unwritten policy exists; petitioner's drug involvement was not minor or isolated; and litigants may not raise issues for the first time in a reply brief. Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d _________________________ ______________ 1, 3 (1st Cir. 1983). The petition for judicial review is denied. ______ -3-