27 F.3d 554
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Marta Leyla Hernandez PINEDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-2293
 United States Court of Appeals,
First Circuit.
 June 27, 1994
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Raymond Rivera on brief for petitioner.
 Frank W. Hunger, Assistant Attorney General, Mark C. Walters, Assistant Director, Office of Immigration Litigation, and Kristen A. Giuffreda, Attorney, Civil Division, U.S. Department of Justice, Office of Immigration Litigation, on brief for respondent.
 B.I.A.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Petitioner Marta Leyla Hernandez Pineda, a citizen of Nicaragua, has filed a petition for review of an order of the Board of Immigration Appeals (the Board) denying her motions to reopen and reconsider. She sought to have the Board reconsider its final decision, dated July 6, 1993, dismissing her appeal from the order of the immigration judge which denied her applications for suspension of deportation and asylum. The Board dismissed the appeal as untimely.
 
 I.
 
 2
 Petitioner illegally entered the United States in July 1984. The Immigration and Naturalization Service (INS) issued an order to show cause on April 26, 1991, based on petitioner's failure to present herself for inspection upon entering this country. See 8 U.S.C. Sec. 1251(a)(1)(B). A hearing was held before an immigration judge. Petitioner was represented by counsel at this time. She conceded deportability and informed the immigration judge that she would apply for asylum, see 8 U.S.C.Sec. 1158, and suspension, see 8 U.S.C.Sec. 1254.
 
 
 3
 Accordingly, a hearing on these applications was held on January 14, 1992. Although petitioner had requested, and received, a postponement of the hearing on the ground that she was seeking new counsel, she appeared pro se at the hearing. In an oral decision, the immigration judge denied both applications. Petitioner then expressed her desire to appeal this decision to the Board. At this point, the immigration judge stated:
 
 
 4
 And if you decide to appeal, the appeal deadline is January 24, '92. Now I'm handing you the appeal forms which must be filed by the deadline date. And a form that you were given before, a 618 form that explains your appeal rights. Now, if you want to appeal, the fee for an appeal has to be filed here at this office. And then the appeal form has to be mailed to my office in Arlington, Virginia. And I'll give you the address. We'll find the address. I'm going to give you a summary of my decision and order and my address is listed at the top of that form. And I'm going to add our phone number there, too. Now if you hire a lawyer to help you with the appeal, the lawyer needs to fill out the gold appearance form.
 
 
 5
 Administrative Record, at 123-24 (emphasis added).
 
 
 6
 On January 22, 1992, petitioner asked for an extension of time to file her appeal. She was notified of the denial of her request on January 24th. She then used next-day mail to send her appeal. However, her documents were returned to her on January 27th because she had not used the proper appeal forms. By this time, petitioner had retained counsel. In March 1992, he filed an appeal using the correct forms, but had not made out the money order for the fee to the right entity. The appeal was perfected in April. After receiving several extensions of time, petitioner filed her brief in support of her appeal in October 1992.
 
 
 7
 On July 6, 1993, the Board issued its order dismissing petitioner's appeal as untimely. The motions for reopening and reconsideration ensued. Petitioner argued that the Board had made an error in its decision. Specifically, petitioner claimed that, at the hearing, she had not been informed that she was required to use specific forms to file an appeal. She acknowledged that she had been told of the January 24, 1992 deadline and asserted that by express-mailing her appeal on the 24th, she had appealed by the deadline. She also argued that she had been misinformed by the local INS office concerning to whom the money order should be made payable. Further, she pointed out that when her appeal was returned to her on January 27th, she was not told by anyone that her appeal had not been perfected according to the regulations.
 
 
 8
 She next asserted that to reject her appeal which had been "timely appealed but untimely filed," violated due process. That is, she went on, she should not be penalized when she had "fully complied" with the instructions given to her. Finally, petitioner maintained that the immigration judge violated due process when she failed to tell petitioner about the correct forms even though the immigration judge knew that petitioner was proceeding without counsel.
 
 
 9
 The Board, in a per curiam order, denied the motion. As for the request for reconsideration, it re-examined its decision in light of petitioner's arguments. It first pointed out that the appeal was mailed, using next-day delivery, on the day it was due. Next, the Board stated that the record revealed that the immigration judge had, in fact, handed the proper application forms to petitioner. Further, the immigration judge had given petitioner "explicit instructions" concerning when and where the form should be filed and where the fee should be paid. Next, the Board considered the request for reopening. It rejected it out of hand, though, because petitioner had failed to submit "new, previously unavailable evidence in support of her motion...." Administrative Record, at 2.
 
 II.
 
 10
 In determining motions to reopen and reconsider, the Board is exercising "discretionary authority." 1 C. Gordon & S. Mailman, Immigration Law and Procedure Sec. 305[a], at 3-68 (rev. ed. 1993) (footnote omitted). "In reviewing a discretionary decision of the Board, we determine only whether the decision was arbitrary, capricious, or an abuse of discretion." Martinez v. I.N.S., 970 F.2d 973, 974 (1st Cir. 1992); LeBlanc v. I.N.S., 715 F.2d 685, 693 (1st Cir. 1983) (court will uphold discretionary action of the Board unless it had no rational explanation, did not follow established policies, or was based on impermissible grounds such as race discrimination). As for the Board's findings of fact, we review them under the "substantial evidence standard." Martinez, 970 F.2d at 974. As set forth in 8 U.S.C. Sec. 1105a(a)(4), "findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive.... "
 
 A. Motion to Reconsider
 
 11
 The Board found, as matters of fact, that petitioner had been given the appeal forms by the immigration judge and had been told where and when to file them. There is no question that the record supports these findings. The immigration judge announced, at the end of the hearing, that she was handing the forms to petitioner. She then explained that the fee was to be paid at the immigration office and the appeal forms sent to the immigration judge's office in Virginia. In light of such clear record evidence, the Board had the authority to reject petitioner's contention that she never received the forms.
 
 
 12
 Further, the Board's finding that the appeal was filed late also is supported by substantial evidence. Petitioner argues that January 24th was not the day the appeal was due. Rather, she maintains that she had 13 days (rather than 10) in which to appeal. Thus, the return, on January 27th, of petitioner's appeal materials indicates that her appeal must have arrived within the 13-day period. Petitioner misreads the regulation; the longer period in which to file an appeal applies when the decision of the immigration judge is mailed, not when the appeal is mailed. See 8 C.F.R. Sec. 3.38(b); Da Cruz v. I.N.S., 4 F.3d 721, 722 (9th Cir. 1993) (where decision of immigration judge was mailed, petitioner had 13 days to file an appeal).
 
 
 13
 Based on the foregoing, there is no question that the Board did not abuse its discretion in denying petitioner's motion to reconsider. The facts establish that her appeal was late. Where an appeal is not taken within the 10-day period, the right to appeal is lost. Da Cruz, 4 F.3d at 722; Matter of G.Z., 5 I & N Dec. 295 (1953); 1 Immigration Law and Procedure, Sec. 3.05[a], at 3-54.
 
 B. The Motion to Reopen
 
 14
 Motions to reopen are disfavored and a petitioner bears a heavy burden in showing entitlement to this relief. I.N.S. v. Abudu, 485 U.S. 94, 107, 110 (1988). Given this, "the Board is to be accorded a great deal of leeway in exercising its authority." LeBlanc, 715 F.2d at 689. Under 8 C.F.R. Sec. 3.2, the Board is prohibited from reopening a proceeding "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...." Similarly, 8 C.F.R. Sec. 3.8(a) states that "[m]otions to reopen shall state the new facts to be proved at the reopened hearing.... "
 
 
 15
 Petitioner failed to meet the basic requirement that she present "new facts" that previously were "not available." First, petitioner knew that the appeal was to be filed by January 24th. Second, the "fact" that the notice of appeal was late was established as early as January 24, 1992 when petitioner mailed her appeal papers on the day the appeal was due. Her argument that she did not know that her appeal was late because the INS continued to process her appeal after January 24th is not a "fact." The immigration judge had made clear when to file an appeal and her lack of authority to grant any extensions of time. As a result, we find that the Board did not abuse its discretion in refusing to reopen the proceeding to allow petitioner's late-filed appeal to proceed. See Da Cruz, 4 F.3d at 722 (Board may not reopen a case "solely to allow a late appeal"); Matter of D., 5 I & N Dec 520, 521 (1953) (same).
 
 C. Due Process Violation
 
 16
 Petitioner maintains that by not informing her that her appeal was late and by continuing to process the appeal during the ensuing year and a half, the Board violated her procedural due process rights. She characterizes the Board as having made an "abrupt change" when it dismissed her appeal as late on July 6, 1993. This change, she goes on, deprived her of the chance to "effectively" present her case.
 
 
 17
 To establish a due process violation, petitioner must "demonstrate prejudice which implicates the fundamental fairness of the proceeding." See Michelson v. I.N.S., 897 F.2d 465, 468 (10th Cir. 1990). Petitioner's argument is that by permitting her appeal to proceed, the Board's action in "summarily" dismissing it was so arbitrary as to constitute constitutional error. We do not agree. The cases petitioner cites in support of her argument involved challenges to the failure of the INS to follow its own rules and regulations, see Montilla v. I.N.S., 926 F.2d 162, 166 (2d Cir. 1991), challenges to specific regulations, see Toquero v. I.N.S., 956 F.2d 193, 196 (9th Cir. 1992), or challenges to the sufficiency of the procedures used in a specific hearing, see Landon v. Plasencia, 459 U.S. 21, 36-37 (1982).
 
 
 18
 In contrast, petitioner complains here that in following the applicable regulation concerning the filing of timely appeals, the Board violated her due process rights. Although it would have been better if the Board had notified petitioner earlier in the appeals process that her appeal was late, it was not constitutional error to deny the motions to reopen and reconsider.
 
 III.
 
 19
 Because this petition presents no substantial question, we summarily affirm the decision of the Board. See 1st Cir. Rule 27.1.