United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 04-60217
_____

REEM ABDULLA OSMAN,

Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 225 587

_____

Before GARWOOD, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner, Reem Abdulla Osman ("Osman"), a native and citizen of Sudan, was charged with

overstaying her nonimmigrant visa without Immigration and Naturalization Service ("INS")

authorization. Osman conceded she was subject to removal, but requested asylum, withholding of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

removal, and relief under the Convention Against Torture ("CAT"). Osman challenges the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") rejection of her applications.

Osman asserts she suffered past persecution and has a well-founded fear of future persecution on account of her political opinions. Specifically, Osman claims her problems with the government derive from her membership in the Sudanese Women's Union ("SWU"), an organization that promotes women's rights. She claims that her parents had been active in various political organizations in Sudan, including the SWU. Her participation in the SWU included recruiting members, educating women, and assisting in organizing political demonstrations. Osman claims she was seized and questioned by the Sudanese "secret service" on two separate occasions because of her participation in the SWU. Osman asserts she was interrogated, physically assaulted, sexually molested, and threatened while she was detained. After government security officials questioned Osman's mother about her political activities, Osman left Sudan for Saudi Arabia. She then obtained a visitor visa from the United States embassy by falsely claiming she planned to go shopping.

The IJ concluded Osman was not credible and rejected her application for asylum, withholding of removal, and relief under CAT. The BIA affirmed the IJ's decision. Osman now argues she was denied due process because the IJ improperly limited her presentation of relevant witness testimony and refused to admit a psychological evaluation into evidence. She also contends the IJ erred in making adverse credibility findings, failed to consider evidence, and erred in finding that she did not have a well-founded fear of persecution.

This court reviews only the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Since the BIA expressly adopted the IJ's findings, however, we may review the findings of

the IJ. *Id.* We review the BIA's factual conclusion that an alien is not eligible for asylum for substantial evidence and questions of law *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). "Under substantial evidence review, we may not reverse the BIA's factual determinations unless we find not only that the evidence supports a contrary conclusion, but that the evidence *compels* it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (emphasis in original) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

Osman first argues the IJ violated her due process rights by denying her the opportunity to present evidence in her favor by limiting the testimony of her brother, Wail Osman. Osman's brother was not excluded from testifying. Rather, the IJ simply limited his testimony to those areas discussed in the witness list and evidence within his personal knowledge. Osman cannot establish substantial prejudice from the IJ limiting her brother's testimony. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997) ("Due process challenges to deportation proceedings require an initial showing of substantial prejudice."). The IJ properly elicited "all relevant and useful information bearing on the applicant's eligibility for asylum." 8 C.F.R. § 208.9(b)(2005). Thus, Osman was not denied her due process rights. *Cf. Podio v. INS*, 153 F.3d 506, 510-11 (7th Cir. 1998) (holding petitioner was denied due process when the IJ refused to allow his brother and sister to testify).

Osman also contends the IJ improperly refused to admit and consider the psychological evaluation prepared by Dr. Joy Breckenridge. She argues the IJ wrongly concluded that the report failed to include Dr. Breckenridge's methodology of evaluation because it indicated it was based on three interviews of Osman. Osman maintains the exclusion of the evaluation was "extremely prejudicial" because it would have demonstrated her symptoms were consistent with her testimony about a history of persecution.

3

Contrary to Osman's assertion, the IJ did admit the report into the record. He stated in response to a government objection to admitting the report into evidence that "the objection is sustained. However, I will give it the weight that it deserves . . . [T]he objections are sustained in the sense that they were noted by the Court. I'll let these documents remain on the record and I'll give them the weight that they deserve." As a result, the IJ considered the report and gave it the "the weight that [it] deserved" in light of the circumstances. He noted that there was no evidence as to the length of the interviews or the methods used in formulating the assessments or conclusions, and that Dr. Breckenridge was unavailable to be cross-examined. Therefore, he concluded the report was "nothing more than a series of interviews, a recitation of what [petitioner] stated, and a summary conclusion as to the conclusion of Ms. Breckenridge without any support of the methodology and the analysis used in coming to that conclusion." We agree. Osman fails to establish that she was denied due process by the IJ's failure to accept or consider Dr. Breckenridge's report.

Osman also asserts the IJ clearly erred in finding that she was not credible. She argues that her testimony did not lack specificity and that the IJ's ruling was based on impermissible grounds. Osman relies on *In re B)*, 21 I & N Dec. 66, 70 (BIA 1995) in arguing that the IJ erred in finding the petitioner was not credible simply based upon her demeanor. The BIA in *In re B)* believed that the petitioner's testimony was plausible, detailed, internally consistent, consistent with the asylum application, and unembellished. *Id.* Despite Osman's contention, the IJ did not simply rely on her demeanor in denying her claim. In fact, he believed that Osman's testimony was "basically general," lacked specificity, and implausible.

Osman also challenges the IJ's finding that she was not credible based, in part, on the fact she entered the United States with a visa rather than as a refugee. The IJ noted that Osman had lied by

4

applying for a visitor's visa to the United States, instead of applying for asylum at the United States embassy in Saudi Arabia. "Untrue statements by themselves are not reason for refusal of refugee status," but should be evaluated "in the light of all of the circumstances of the case." *Turcios v. INS*, 821 F.2d 1396, 1400 (9th Cir. 1987). In *Turcios* the court determined that the petitioner's "misrepresentations are wholly consistent with his testimony and application for asylum: he did so because he feared deportation to El Salvador. In this context, [petitioner's lie to the INS that he was from Mexico] does not detract from but supports his claim of fear of persecution. It does not support a negative credibility finding." *Id*. at 1400-01. In this case, the IJ examined Osman's statement in context. Unlike the petitioner in *Turcios*, Osman cannot rely on her fear of persecution in Sudan as a basis for her false statement because she was in Saudi Arabia at the time she made it. The IJ's comments on Osman's demeanor were merely supplementary to these findings. Accordingly, we find that the IJ's credibility findings were based on "a reasonable interpretation of the record and therefore supported by substantial evidence." *Chun*, 40 F.3d at 79.

Osman also contends the IJ failed to consider and misinterpreted documentary evidence. The IJ was entitled to discount the value of a letter from a psychologist in the Sudan since he determined there were indications it was submitted merely to bolster Osman's story of abuse. Similarly, the IJ concluded the letters from Sudanese human rights leaders were merely form letters. Finally, the IJ is not required to discuss and analyze every piece of evidence a petitioner presents. *See Martinez v. INS*, 970 F.2d 973, 976 (1st Cir. 1992) ("Where, as here, the Board has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented."); *Osuchukwu v. INS*, 744 F.2d 1136, 1142-43 (5th Cir. 1984) (the BIA "has no duty to write an exegesis on every contention.

What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.").

For the above stated reasons, Osman's petition is DENIED.