**Sun He CHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 03–4427–AG NAC.

United States Court of Appeals,
Second Circuit.

Nov. 1, 2005.

Yee Ling Poo, Law Offices of Yee Ling Poo, New York, NY, for Petitioner.

Laura G. Canary, Assistant United States Attorney (Stephen M. Doyle, Chief, Civil Division, Assistant United States Attorney for the Middle District of Alabama, on the brief), Montgomery, AL, for Respondent.

Present: MESKILL, SACK, and SOTOMAYOR, Circuit Judges.

Petitioner Sun He Cheng ("Cheng") petitions for review from the February 5, 2003 final order of removal by the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of the Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case. In this appeal, Cheng challenges the BIA's adverse credibility determination.

The BIA's adverse credibility determination was supported by substantial evidence. *See Secaida–Rosales,* 331 F.3d 297, 307 (2d Cir.2003). The BIA determined that Cheng's testimony regarding his wife's abortion, his receipt of a "one child certificate," and the fact that he was told that he would have to be forcibly

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

sterilized was not consistent with the two initial asylum applications he had filed. These inconsistencies "bear a legitimate nexus" to the BIA's finding that Cheng was not credible, and go to the heart of his claim for asylum. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

Cheng argues that the BIA erred in considering omissions from his initial asylum application because these omissions were subsequently corrected. However, the fact that the omissions were corrected does not make it unreasonable for an adjudicator to conclude that the initial reason for their absence impacts on credibility. Further, there is certainly no error in an IJ relying on the statements contained in an initial asylum application. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004) (holding that an asylum applicant's airport may be considered in evaluating credibility, so long as there are sufficient indicators of that interview's reliability).

Cheng also argues that the BIA exceeded the scope of its review by basing its decision on questions of fact not considered by the IJ, and that its resolution of these questions of fact is not supported by substantial evidence. It is not clear in this case, however, whether the BIA found additional facts or merely relied on additional evidence in the record to support the IJ's ultimate finding that Cheng was not credible. In any event, the other bases for the BIA's decision are sufficient to support its judgment. *See Ramsameachire*, 357 F.3d at 182 n. 3 (affirming adverse credibility finding in spite of disagreement with one of the bases for that finding); *Jin Chen v. DOJ*, 426 F.3d 104, 115 (2d Cir.2005) (same).

Further, Cheng argues that the BIA and IJ violated due process by failing to mention or evaluate Cheng's wife's abortion certificate. The only cases Cheng cites in support of this proposition, *Liu v. Ashcroft*, 372 F.3d 529 (3d Cir.2004); *Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004), are not on point. We are not persuaded that the agency is required expressly to address each piece of documentary evidence in the record. *See Morales v. INS*, 208 F.3d 323, 328 (1st Cir.2000) (citing *Martinez v. INS*, 970 F.2d 973, 976 (1st Cir. 1992)).

Finally, Cheng claims that the BIA improperly found that his desire to return to China to visit his mother undermined his credibility regarding his claim that he had a well-founded fear of returning to China. Although Cheng's inconsistency regarding his mother's illness was not material to his claim for asylum, and thus cannot, alone, support the asylum claim, *see Diallo*, 232 F.3d at 288, the additional reasons provided by the BIA support its finding.

Because Cheng was found not credible, he did not satisfy the standard for granting asylum, and consequently cannot meet the higher standard for granting withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

Accordingly, we hereby deny Cheng's petition.