[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11350
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2010
JOHN LEY
CLERK

Agency No. A079-399-989

ZHUANG PING LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 30, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Zhuang Ping Lin ("Lin"), a native and citizen of China, petitions this Court

for review of the order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen removal proceedings on the basis of changed country conditions in China. Lin argues that in his motion he submitted evidence (1) that was not available at the time of his initial proceedings and (2) that proves Christians who attend unregistered churches are now subject to considerably heightened religious persecution. Accordingly, Lin contends that the BIA abused its discretion by failing to conclude that he established changed country conditions in China. We disagree.

Lin initially applied for asylum based on the Chinese government's Family Planning Policy, his previous violation of the policy, and his alleged assault on a government official attempting to enforce the policy. In 2005, the immigration judge ("IJ") denied Lin's application. Lin sought review from the BIA, which denied his appeal. He then appealed to this Court, and we denied his petition. *See Lin v. U.S. Att'y Gen.*, 555 F.3d 1310 (11th Cir. 2009).

After the IJ ordered his deportation in 2005, Lin married a naturalized United States citizen and had two children. Additionally, he discovered Christianity and became a devout worshiper. Lin then filed a motion requesting that the BIA reopen his removal proceedings on the basis of changed country conditions due to the increased persecution of Christians in China. The BIA denied his motion, and he asks this Court to review that decision.

2

We review the BIA's denial of a motion to reopen a removal proceeding for abuse of discretion. *Jaing v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (citation omitted). Motions to reopen removal proceedings are disfavored, *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam) (citation omitted), and judicial review is "limited to determining whether the BIA [abused its discretion by acting] in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam) (citation omitted).

Ordinarily, an alien who is subject to a final order of removal and wishes to file a motion to reopen must do so within 90 days of the final administrative removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). That time limit is inapplicable, however, if the alien can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3). Demonstrating materiality is a difficult task and requires the presentation of evidence that would likely change the result in the case if the proceedings were reopened. *Jaing*, 568 F.3d at 1256–57. "An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in [his] personal circumstances."

3

*Zhang*, 572 F.3d at 1319.

The BIA's opinions need not discuss every piece of evidence presented so long as it "'has given reasoned consideration to the petition, and made adequate findings . . . .'" *Morales v. INS.*, 208 F.3d 323, 328 (11th Cir. 2000) (quoting *Martinez v. INS.*, 970 F.2d 973, 976 (1st Cir. 1992)). Ultimately, the BIA must "'consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (quoting *Vergara-Molina v. INS*, 956 F.2d 682, 685 (7th Cir. 1992)).

Here, the BIA considered the evidence presented and articulated its decision in a manner that allows for appellate review, despite not engaging in extended discussion. We conclude that the BIA did not abuse its discretion in finding that Lin failed to present sufficient evidence to prove a material change in the conditions for Christians in China.

The BIA provided a brief procedural history of Lin's asylum proceedings and recognized that changed country conditions formed the basis of his current motion. Next, its decision succinctly and correctly identified the gravamen of Lin's claim, specifically that conditions for Christians and members of unregistered churches in China have worsened and created changed circumstances

4

within the country. Finally, it recognized the evidence Lin presented and then provided its findings and conclusion.

At the outset of its analysis, the BIA correctly concluded that Lin's conversion to Christianity constituted a change in personal circumstances that did not absolve him of the requirement to prove a change in country circumstances. Lin does not challenge that determination. Therefore, the BIA appropriately moved on to consider the evidence of the current religious climate in China. The government-issued reports and other evidence painted a conflicting portrait that acknowledged an increase in tolerance of Christianity in some respects, while at the same time recognizing that there has been action taken against non-sanctioned Christian leaders and participants. Cumulatively, this evidence lacks the specificity and clarity to warrant analogy to recent cases in this Court involving the increased enforcement of the Chinese Family Planning Policy. *See*, *e.g.*, *Jaing*, 568 F.3d at 1257–58 (concluding that the BIA "badly misconstrued" the appellant's petition as being based on changed personal circumstances and inexplicably ignored two affidavits detailing forced sterilizations in appellant's hometown and multiple country reports that recognized "unambiguously corroborated incidents of coerced sterilization").

Though it did not explicitly discuss each individual piece of evidence, the

BIA concluded that the "arrest of leaders of underground churches and the harassment of church members" does not demonstrate "that [Lin] will suffer mistreatment amounting to persecution or torture upon his return to China based on his practice of Christianity." Such a conclusion in this case, reached after acknowledging the conflicting evidence, cannot be considered arbitrary or capricious. Accordingly, we conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen.

**PETITION DENIED.**