14-2779
Kim v. Lynch

BIA
Cheng, IJ
A091 253 226

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges,*
> **SIDNEY H. STEIN**,[*]
> *District Judge.*

_____

WON KYENG KIM, AKA XX KIM WON K, AKA KYOUNG K. WON, AKA WONK YENG KIM, AKA KYENG W. KIM, AKA KIM WON KYONG, AKA KIM WON KYENG, AKA KYENG KIMWON,

> *Petitioner*,

> v.                                                                 **14-2779**

LORETTA E. LYNCH, UNITED STATES

---

[*] The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

**ATTORNEY GENERAL,**

*Respondent.*

---

**FOR PETITIONER:**   DAVID K. S. KIM, Flushing, New York.

**FOR RESPONDENT:**   HILLEL R. SMITH, Attorney; Joyce R. Branda, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Won Kyeng Kim, a native and citizen of South Korea, seeks review of a July 7, 2014, decision of the BIA affirming the December 27, 2012, decision of an Immigration Judge ("IJ") denying cancellation of removal as a matter of discretion and ordering Kim removed. *In re Won Kyeng Kim*, No. A 091-253-226 (B.I.A. July 7, 2014), *aff'g* No. A 091-253-226 (Immig. Ct. New York, N.Y. Dec. 27, 2012). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal in this case.

We lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion. 8 U.S.C. § 1252(a)(2)(B); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-40 (2d Cir. 2007). Nevertheless, we retain jurisdiction insofar as the petition for review raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), which we review *de novo*, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). To determine whether jurisdiction exists in a particular case, we "study the arguments asserted," and consider, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for

2

the discretionary choices, in which case [we] lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case [we may] exercise jurisdiction to review those particular issues."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). "[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction."  *Barco-Sandoval*, 516 F.3d at 40.

Kim argues that the agency erred as a matter of law in failing to consider all of his positive equities, in weighing the positive and negative factors in his case, and in determining, on the basis of the record, that he lacked remorse and failed to accept responsibility for his criminal behavior. We lack jurisdiction to consider these contentions: they raise no colorable legal arguments and thus merely challenge the agency's factual findings and discretionary choices.  *See Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007) ("[A]bsent clear proof that the factual basis for an IJ's decision was unambiguously contradicted by the record, a petitioner raises no 'constitutional claim[ ] or question[ ] of law' for us to review." (quoting 8 U.S.C. § 1252(a)(2)(D)) (alterations in original)); *Morales v. INS*, 208 F.3d 323, 328 (1st Cir. 2000) ("Where, as here, the Board has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented." (quoting *Martinez v. INS*, 970 F.2d 973, 976 (1st Cir. 1992))); *Henry v. INS*, 74 F.3d 1, 5 (1st Cir. 1996) ("Even in section 212(c) waiver cases, the *Marin* [equitable] factors are only illustrative. They do not comprise an invariable checklist."). Kim further argues that the agency offered an insufficient rational explanation for its decision. Both the BIA and the IJ carefully examined and weighed Kim's positive and negative factors in reaching their decisions.

"[T]he BIA is not required to 'write an exegesis on every contention.'" *Mansour v. INS*, 230 F.3d 902, 908 (7th Cir. 2000) (quoting *Becerra-Jimenez v. INS*, 829 F.2d 996, 1000 (10th Cir. 1987)).

We also lack jurisdiction to consider Kim's frivolous argument that the agency committed legal error in relying on the criminal complaints filed against him. "[P]olice reports and complaints, even if containing hearsay and not a part of the formal record of conviction, are appropriately admitted for the purposes of considering an application for discretionary relief." *Carcamo*, 498 F.3d at 98; *see also In re Grijalva*, 19 I. & N. Dec. 713, 722 (BIA 1988) ("[T]he admission into the record of the information contained in the police reports is especially appropriate in cases involving discretionary relief from deportation, where all relevant factors concerning an arrest and conviction should be considered to determine whether an alien warrants a favorable exercise of discretion."). Although the agency is "hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein," *In re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995), the IJ did not rely on uncorroborated criminal complaints in Kim's case, but rather considered only criminal complaints that ultimately led to convictions. And, contrary to Kim's contention, the allegations of domestic violence in the criminal complaint that resulted in Kim's conviction for disorderly conduct were corroborated by the issuance of an order of protection to protect Kim's wife.

Accordingly, because Kim's arguments merely challenge the IJ's factual findings, we lack jurisdiction over his petition. *See* 8 U.S.C. § 1252(a)(2)(B); *Barco-Sandoval*, 516 F.3d at 38-40; *Xiao Ji Chen*, 471 F.3d at 329.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4