Joaquim Paulo DA CRUZ, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 91–70752.

United States Court of Appeals, Ninth Circuit.

Submitted * Aug. 6, 1993.

Decided Aug. 31, 1993.

Daniel H. Smith, MacDonald, Hoague & Bayless, Seattle, WA, for petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Carl H. McIntyre, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before BEEZER, HALL, Circuit Judges, and CONTI, District Judge.[**]

BEEZER, Circuit Judge:

■ Joaquim Paulo Da Cruz, a lawful permanent resident of the United States and a native of Portugal, appeals the Board of Immigration Appeals' ("BIA") decision reversing the original order of the Immigration Judge and ordering Da Cruz deported. On appeal, Da Cruz claims that the BIA did not have jurisdiction in this case because the Immigration and Naturalization Service ("INS") filed an untimely appeal. We review *de novo* whether the BIA had jurisdiction to consider an untimely appeal. *Montes v. Thornburgh*, 919 F.2d 531, 534 (9th Cir.1990). We grant the petition for review and vacate the decision of the BIA for lack of jurisdiction.

## I

The original decision of the Immigration Judge, dated July 27, 1990, was mailed to the parties on July 31, 1990. A notice that any appeal must be *filed on or before* Monday, August 13, 1990 accompanied the decision which terminated the deportation proceedings against Da Cruz. The notice correctly stated the time limit for such appeals—thirteen days from mailing. *See* 8 C.F.R. §§ 3.38(b) and 242.21(a) (1993). 8 C.F.R. §§ 3.39 and 242.20 (1993) provide that the decision of the Immigration Judge becomes final in the absence of a timely appeal. The INS filed a Notice of Appeal on August 14, 1990. The Notice of Appeal was one day late.

■ The time limit for filing an appeal is mandatory and jurisdictional. *See Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980); *Matter of Escabar*, 18 I & N

Dec. 412 (BIA 1983). A case may not be reopened solely to allow a late appeal. *Matter of D.*, 5 I & N Dec. 520 (BIA 1953).

■ The INS has two responses to the charge of untimely appeal. Notably, the INS does not dispute the late filing of the appeal to the BIA. First, the INS claims we have no jurisdiction over the claim because it was not raised before the BIA. The time limit is mandatory and jurisdictional, *Hernandez–Rivera*, 630 F.2d at 1354; we raise it *sua sponte*.

Second, the INS claims that pursuant to 8 C.F.R. § 3.1(c) the BIA may consider cases under its certification authority, regardless of the filing of a notice of appeal. When an appeal is not taken within the allotted time, the right to appeal is lost. *Id.; Gordon & Mailman, Immigration Law and Procedure* § 3.05[4][a] (1993). *See also* Davis, Administrative Law Treatise § 14:19 (1980) ("[u]nder § 557 of the APA, an initial decision by a presiding employee (now usually an administrative law judge) becomes final in absence of appeal to or review of the initial decision ...."). The only exception to this rule is when the decision of the Immigration Judge is certified to the BIA. When certification occurs, all parties are served with notice of the certification and given an opportunity to respond. 8 C.F.R. §§ 3.1(c), 3.7 (1993). That was not done in this case; the speculation that the BIA might have certified this appeal is belied by the record.

■ Where an alien has been merely one day late in filing an appeal, the BIA has held that it had no jurisdiction to extend the time for filing a late appeal. *Matter of G.Z.*, 5 I & N Dec. 295 (BIA 1953). The BIA acts arbitrarily when it disregards its own precedents and policies without reasonable explanation. *Israel v. INS*, 785 F.2d 738, 740 (9th Cir. 1986).

■ The BIA was without jurisdiction to reverse the final decision of the Immigration Judge. We have no jurisdiction to review the Immigration Judge's decision because

[**] Honorable Samuel Conti, Senior District Judge for the Northern District of California, sitting by designation.

the INS did not timely appeal to the BIA. *See Xiao v. Barr*, 979 F.2d 151, 153 (9th Cir.1992).

We **GRANT** Da Cruz's petition for review and **VACATE** all decisions and orders subsequent to the July 27, 1990 decision and order of the Immigration Judge. Each side shall bear its own costs of petition for review.