August 4, 1994
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-2324

LEOS KUBEC,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya and Stahl,
Circuit Judges.

Leos Kubec on brief pro se.

Frank W. Hunger, Assistant Attorney General, and Robert Kendall,

Jr., Assistant Director, Office of Immigration Litigation, Civil

Division, Department of Justice, on brief for respondent.

Per Curiam. Petitioner Leos Kubec, a native and

citizen of Czechoslovakia, has filed this petition for review

of the decision of the Board of Immigration Appeals (BIA).

The BIA dismissed his appeal from the decision of the

immigration judge as untimely.

I.

Petitioner entered the United States, in August

1989, as a nonimmigrant visitor for pleasure; he was

permitted to remain here until February 1990. However,

petitioner never left this country. As a result, the

Immigration and Naturalization Service (INS) issued an order

to show cause why petitioner should not be deported. In

response, petitioner filed applications for political asylum

and withholding of deportation.

A deportation hearing was held on March 21, 1991.

Petitioner admitted the facts in the show cause order and

conceded deportability. At the conclusion of the hearing,

the immigration judge rendered an oral decision; he denied

the applications for political asylum and withholding of

deportation. The judge determined that petitioner had failed

to demonstrate that he would be persecuted or had a well-

founded fear of persecution if returned to Czechoslovakia.

The immigration judge did grant petitioner's request for

voluntary departure in lieu of deportation. See 8 U.S.C.

1254(e). The judge also informed petitioner that any appeal

to the BIA had to be filed by April 1, 1991.

II.

8 C.F.R. 3.38(b) provides that the notice of

appeal "shall be filed with the Office of the Immigration

Judge having administrative control over the Record of

Proceeding within ten (10) calendar days after service of the

decision." A petitioner must use a specific form (at the

time, designated as Form EOIR-26) for the notice of appeal.

20 C.F.R. 3.3(a). Further, "a notice of appeal . . . shall

be accompanied by the appropriate fee specified by, and

remitted in accordance with, the provisions of 103.7 of

this chapter." See id. 3.3(b). Thus, to perfect an

appeal, both Form EOIR-26 and a fee receipt must be presented

to the Office of the Immigration Judge.

Section 103.7(a) provides, in relevant part:

Any fee relating to any Executive Office
for Immigration Review proceeding shall
be paid to, and accepted by, any Service
office authorized to accept fees.
Payment of any fee under this section
does not constitute filing of the
document with the Office of the
Immigration Judge. The Service shall
return to the payer at the time of
payment both the receipt for any fee paid
and any documents submitted with the fee.

Where an appeal is not taken within the 10-day period, the

right to appeal is lost. See Da Cruz v. INS, 4 F.3d 721, 722

(9th Cir. 1993); Matter of G.Z., 5 I. & N Dec. 295 (1953); 1

-3-

C. Gordon & S. Mailman, Immigration Law and Procedure 3.05

[4][a], at 3-53 (rev. ed. 1994).

III.

From the record and the description of the events

provided to us by the parties, the following facts emerge.

Form EOIR-26 is signed by petitioner's attorney and is

accompanied by a letter from counsel. The letter is

addressed to the Office of the Immigration Judge and is dated

March 22, 1991. Form EOIR-26 is date-stamped as having been

received on March 29, 1991. As for the filing of the fee,

there is no record evidence. However, petitioner has

appended to his brief a copy of an INS fee receipt dated

April 5, 1991. According to the order of the BIA, the appeal

was not perfected until April 9, 1991. What exactly happened

between March 29th and April 9th is not clear.

Petitioner's position is that circumstances beyond

his control prevented the timely completion of the appeal

process. Although not entirely clear, petitioner avers that

the INS did not comply with 103.7(a); that is, it did not

produce a receipt on the day the fee was paid. Further,

despite being in daily contact with the INS, petitioner

asserts that a fee receipt for hand-delivery to the

immigration judge could not be obtained until after the April

1st deadline. In fact, according to petitioner, all of the

papers remained in the possession of the INS until April 9th

-4-

-- the date the appeal was perfected. Petitioner nonetheless

avers that he is in "literal" compliance with the regulations

because he "initiated" his appeal in a timely manner by

filing Form EOIR-26 with the Office of the Immigration Judge

on March 29th.

The INS argues that petitioner's claim that he was

personally involved in the filing of the appeal and payment

of the fee is not well supported. It points out that it is

not clear exactly who filed the papers at the INS office.

While petitioner implies that he personally handled the

appeal process, the notice of appeal was sent from the office

of petitioner's attorney. Moreover, the fee receipt was

mailed, not to petitioner, but to counsel.

Given the conflicts between petitioner's assertions

and what the record reveals, petitioner's vague and

conclusory allegations are insufficient to sustain a finding

that his appeal was timely. Thus, we cannot say that the

BIA's determination was not supported by the record. The

petition for review is therefore denied.

-5-