USCA1 Opinion

 

 August 4, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2324 LEOS KUBEC, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ ____________________ Leos Kubec on brief pro se. __________ Frank W. Hunger, Assistant Attorney General, and Robert Kendall, _______________ ________________ Jr., Assistant Director, Office of Immigration Litigation, Civil ___ Division, Department of Justice, on brief for respondent. ____________________ ____________________ Per Curiam. Petitioner Leos Kubec, a native and __________ citizen of Czechoslovakia, has filed this petition for review of the decision of the Board of Immigration Appeals (BIA). The BIA dismissed his appeal from the decision of the immigration judge as untimely. I. _ Petitioner entered the United States, in August 1989, as a nonimmigrant visitor for pleasure; he was permitted to remain here until February 1990. However, petitioner never left this country. As a result, the Immigration and Naturalization Service (INS) issued an order to show cause why petitioner should not be deported. In response, petitioner filed applications for political asylum and withholding of deportation. A deportation hearing was held on March 21, 1991. Petitioner admitted the facts in the show cause order and conceded deportability. At the conclusion of the hearing, the immigration judge rendered an oral decision; he denied the applications for political asylum and withholding of deportation. The judge determined that petitioner had failed to demonstrate that he would be persecuted or had a well- founded fear of persecution if returned to Czechoslovakia. The immigration judge did grant petitioner's request for voluntary departure in lieu of deportation. See 8 U.S.C. ___ 1254(e). The judge also informed petitioner that any appeal to the BIA had to be filed by April 1, 1991. II. __ 8 C.F.R. 3.38(b) provides that the notice of appeal "shall be filed with the Office of the Immigration Judge having administrative control over the Record of Proceeding within ten (10) calendar days after service of the decision." A petitioner must use a specific form (at the time, designated as Form EOIR-26) for the notice of appeal. 20 C.F.R. 3.3(a). Further, "a notice of appeal . . . shall be accompanied by the appropriate fee specified by, and remitted in accordance with, the provisions of 103.7 of this chapter." See id. 3.3(b). Thus, to perfect an ___ ___ appeal, both Form EOIR-26 and a fee receipt must be presented to the Office of the Immigration Judge. Section 103.7(a) provides, in relevant part: Any fee relating to any Executive Office for Immigration Review proceeding shall be paid to, and accepted by, any Service office authorized to accept fees. Payment of any fee under this section does not constitute filing of the document with the Office of the Immigration Judge. The Service shall return to the payer at the time of payment both the receipt for any fee paid and any documents submitted with the fee. Where an appeal is not taken within the 10-day period, the right to appeal is lost. See Da Cruz v. INS, 4 F.3d 721, 722 ___ _______ ___ (9th Cir. 1993); Matter of G.Z., 5 I. & N Dec. 295 (1953); 1 ______________ -3- C. Gordon & S. Mailman, Immigration Law and Procedure 3.05 _____________________________ [4][a], at 3-53 (rev. ed. 1994). III. ___ From the record and the description of the events provided to us by the parties, the following facts emerge. Form EOIR-26 is signed by petitioner's attorney and is accompanied by a letter from counsel. The letter is addressed to the Office of the Immigration Judge and is dated March 22, 1991. Form EOIR-26 is date-stamped as having been received on March 29, 1991. As for the filing of the fee, there is no record evidence. However, petitioner has appended to his brief a copy of an INS fee receipt dated April 5, 1991. According to the order of the BIA, the appeal was not perfected until April 9, 1991. What exactly happened between March 29th and April 9th is not clear. Petitioner's position is that circumstances beyond his control prevented the timely completion of the appeal process. Although not entirely clear, petitioner avers that the INS did not comply with 103.7(a); that is, it did not produce a receipt on the day the fee was paid. Further, despite being in daily contact with the INS, petitioner asserts that a fee receipt for hand-delivery to the immigration judge could not be obtained until after the April 1st deadline. In fact, according to petitioner, all of the papers remained in the possession of the INS until April 9th -4- -- the date the appeal was perfected. Petitioner nonetheless avers that he is in "literal" compliance with the regulations because he "initiated" his appeal in a timely manner by filing Form EOIR-26 with the Office of the Immigration Judge on March 29th. The INS argues that petitioner's claim that he was personally involved in the filing of the appeal and payment of the fee is not well supported. It points out that it is not clear exactly who filed the papers at the INS office. While petitioner implies that he personally handled the appeal process, the notice of appeal was sent from the office of petitioner's attorney. Moreover, the fee receipt was mailed, not to petitioner, but to counsel. Given the conflicts between petitioner's assertions and what the record reveals, petitioner's vague and conclusory allegations are insufficient to sustain a finding that his appeal was timely. Thus, we cannot say that the BIA's determination was not supported by the record. The petition for review is therefore denied. ______ -5-