56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nabeel Ragi KHWEIS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70255.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Azt-mbp-szq.
 BIA
 PETITION GRANTED.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nabeel Ragi Khweis, who was born in Jerusalem when it was part of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") denial of Khweis's motion for reconsideration of the BIA's dismissal as untimely of his appeal of the immigration judge's (IJ") order of deportation. The IJ found Khweis deportable as an alien convicted of a controlled substance offense under 8 U.S.C. Sec. 1251(a)(11), and found him ineligible for suspension of deportation under 8 U.S.C. Sec. 1254(a).[1] We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we grant the petition for review.
 
 
 3
 The only issue before us is whether the BIA properly dismissed Khweis's appeal as untimely. We review de novo the BIA's dismissal of an appeal as untimely. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir. 1993).
 
 
 4
 The IJ rendered her oral decision on August 17, 1993. Khweis, who was not represented by counsel at the time, mailed his notice of appeal on August 26, 1993. The notice of appeal was received by the IJ Office on August 30, 1993. Khweis contends that he filed his notice of appeal with the IJ Office in a timely manner pursuant to Notice of Appeal Form EOIR-26 and 8 C.F.R. Sec. 3.38(b). We agree.
 
 
 5
 The instructions on the back of Form EOIR-26 provide in pertinent part:
 
 
 6
 Filing: The notice of appeal with certificate of service on the opposing party must be filed ... within 10 calendar days (or thirteen calendar days if mailed) after service of the decision of the Immigration Judge.
 
 
 7
 (Emphasis in original). Similar language is contained in section 3.38(b): "[t]he notice of appeal of the decision shall be filed ... within ten (10) calendar days after service of the decision. Time will be 13 days if mailed." 8 C.F.R. Sec. 3.38(b) (emphasis added).
 
 
 8
 It is not contested that the IJ's decision was rendered on August 17, 1993, that Khweis's notice of appeal was mailed on August 26, and that it was filed with the IJ Office on August 30. If Khweis had thirteen days from August 17 to file his notice of appeal, the filing deadline would have been August 30, and Khweis's August 30 filing, therefore, was timely.
 
 
 9
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The IJ also denied Khweis's applications for asylum and withholding of deportation under 8 U.S.C. Secs. 1158 and 1253(h), and denied his request for a waiver of inadmissibility under section 8 U.S.C. Sec. 1182(c)