99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Guillermo TERCERO-LANZAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70324.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1996.*
Decided Oct. 22, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aho-art-wdh.
 BIA
 REVIEW DENIED.
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Guillermo Tercero-Lanzas ("Tercero-Lanzas") timely petitions for review of the January 20, 1995, decision and order of the Board of Immigration Appeals ("BIA") dismissing his appeal for lack of jurisdiction. We have jurisdiction under 8 U.S.C. § 1105a. Whether the BIA had jurisdiction to consider the appeal of Tercero-Lanzas is a question we review de novo. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). We deny the petition.
 
 
 3
 The BIA dismissed this case under 8 C.F.R. § 3.39, which provides:
 
 
 4
 Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken, whichever occurs first.
 
 
 5
 The BIA held that Tercero-Lanzas waived his right to appeal at the March 24, 1988, hearing before the Immigration Judge ("IJ") by withdrawing his request for asylum and accepting the option of voluntary departure in lieu of deportation. The BIA was correct. The IJ's order explicitly noted that Tercero-Lanzas waived the right to appeal. He voluntarily waived his right to appeal by accepting the privilege of voluntary departure after he was determined to be eligible. His agreement to leave the country without deportation made the IJ's decision final.
 
 
 6
 We also note that Tercero-Lanzas filed the notice of appeal to the BIA on November 8, 1988, to contest the IJ's decision issued March 24, 1988. This was seven months too late. In 1988, 8 C.F.R. § 242.21(a) stated: "An appeal shall be taken within 10 days after the mailing of a written decision, or the stating of an oral decision...."[1] The time limit for filing an appeal is mandatory and jurisdictional, Hernandez-Rivera v. INS, 630 F.2d 1352, 1354 (9th Cir.1980), and can be raised by this court sua sponte. Da Cruz v. INS, 4 F.3d at 722. Therefore, the BIA also lacked jurisdiction to hear the appeal by Tercero-Lanzas because it was untimely.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The 1996 regulation is the same in all relevant respects