125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge SANCHEZ-AGUILAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70846.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Sept. 26, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Anc-rkk-noi.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Sanchez-Aguilar, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing for lack of jurisdiction Sanchez-Aguilar's appeal from an immigration judge's ("IJ") order finding him deportable as charged and granting him voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we dismiss the petition.
 
 
 3
 Sanchez-Aguilar contends that his due process rights were violated during his deportation hearing because he did not fully understand the implications of waiving his right to appeal. This contention lacks merit.
 
 
 4
 Claims of due process violations in deportation proceedings are reviewed de novo. See Carr v. INS, 86 F.3d 949, 951 (9th Cir.1996). Whether the BIA had jurisdiction to consider Sanchez-Aguilar's appeal is a question of law reviewed de novo. See Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993).
 
 
 5
 First, because Sanchez-Aguilar, through his attorney, waived his right to appeal, the BIA lacked jurisdiction to consider his appeal. See 8 C.F.R. § 3.39. Second, Sanchez-Aguilar's argument that the IJ was required to inquire as to whether Sanchez-Aguilar understood the implications of waiving his right to appeal lacks merit because, absent egregious circumstances, Sanchez-Aguilar was bound by the actions of his attorney. See Magallanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir.1986). Last, to the extent Sanchez-Aguilar contends that his counsel was ineffective, he has not complied with the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), aff'd 857 F.2d 10 (1st Cir.1988).[1]
 
 
 6
 Accordingly, the BIA properly dismissed Sanchez-Aguilar's appeal for lack of jurisdiction. See Da Cruz, 4 F.3d at 722.
 
 
 7
 PETITION FOR REVIEW DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Sanchez-Aguilar contends that the IJ was required to inform him of his right to apply for asylum and withholding of deportation, we note that Sanchez-Aguilar had already applied for asylum and opted to proceed solely on his application for voluntary departure. See 8 C.F.R. § 242.17(c)(2)