127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ilvia GOMEZ-ORELLANA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70908.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Decided Oct. 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Silvia Gomez-Orellana, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal for lack of jurisdiction. We have jurisdiction pursuant to 8 U.S.C. § 1105 & (a). Whether the BIA had jurisdiction to consider the appeal of Gomez-Orellana is a question we review de novo. See Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993). We deny the petition.
 
 
 3
 Gomez-Orellana contends that the BIA erred in determining that it did not have jurisdiction to hear her appeal. The Decision of an Immigration Judge ("IJ") becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken, whichever comes first. See 8 C.F.R. § 3.39. Here, Gomez-Orellana does not dispute that she waived her right to appeal at her deportation hearing when she accepted the privilege of voluntary departure. Accordingly, the BIA lacked jurisdiction over Gomez-Orellana's appeal. See id.[1]
 
 
 4
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Thus, the BIA also lacked jurisdiction to consider Gomez-Orellana's motion to reopen