**Claudia De La Cruz VASQUEZ,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–71477.
I & NS No. A75–486–680.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2002 *.

Decided Feb. 13, 2002.

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM **

Claudia de la Cruz Vasquez ("Vasquez"
or "Petitioner"), a native and citizen of
Mexico, petitions for review of a decision
by the Board of Immigration Appeals
("BIA") denying her motion to reopen.
We have jurisdiction pursuant to 8 U.S.C.
§ 1252(b), and we deny the petition.

A "petition for review must be filed not
later than 30 days after the date of the
final order of removal." 8 U.S.C.
§ 1252(b)(1). The Immigration Judge
("IJ") found Petitioner removable on No-
vember 24, 1997. Petitioner was advised
of the date by which any appeal must be
filed with the BIA—December 24, 1997.
The IJ also warned Vasquez that her fail-
ure to depart as ordered would render her
ineligible for relief from removal. Vasquez
did not file her appeal until December 31,
1997. The BIA, therefore, correctly con-
cluded that Petitioner's appeal was untime-
ly, and dismissed the appeal on June 24,
1998. The November 24 removal order
became final. 8 C.F.R. § 3.39 ("Except
when certified to the Board, the decision of
the Immigration Judge becomes final upon
waiver of appeal or upon expiration of the
time to appeal if no appeal is taken which-
ever occurs first.").

Vasquez did not file her motion to re-
open alleging ineffective assistance of
counsel until July 20, 1998. Generally,
motions to reopen "must be filed no later
than 90 days after the date on which the
final administrative decision was rendered
in the proceeding sought to be reopened,
or on or before September 30, 1996, which-
ever is later." 8 C.F.R. § 3.2(c)(2). Be-
cause the IJ's final decision was rendered
on November 24, 1997, Petitioner was re-
quired to file a motion to reopen no later

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

than February 23, 1998. Therefore, her motion to reopen is untimely.

Petitioner next argues that the IJ should have granted her an extension of time to file an application for cancellation of removal. We lack jurisdiction over this issue because Petitioner failed to file a timely appeal to the BIA and has never raised the issue to the BIA. 8 U.S.C. § 1252(d); *Da Cruz v. INS*, 4 F.3d 721, 722–23 (9th Cir.1993) (holding failure to file a timely appeal to the BIA is a failure to exhaust administrative remedies and deprives the court of jurisdiction to review the IJ's decision); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.") (citation omitted).

Finally, although Vasquez based her motion to reopen partly upon ineffective assistance of counsel, as the IJ correctly concluded, Vasquez failed to meet any of the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Castillo–Perez v. INS*, 212 F.3d 518, 525 (9th Cir.2000) (denial of a motion to remand or reopen is not an abuse of discretion where the petitioner fails to meet the requirements of *Lozada* ) (citation omitted). Vasquez has failed to make a prima facie showing that she is eligible for the relief she seeks. *INS v. Abudu*, 485 U.S. 94, 97, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

PETITION DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.