**Francisco CRUZ–TRUJILLO,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–71636, INS A73–949–624.
INS No. A73–949–624.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Cruz–Trujillo's request for oral argument is denied.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Francisco Cruz–Trujillo, a native and citizen of Mexico, petitions for review of a final decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his deportation proceedings and to reconsider the denial of his application for suspension for deportation. We have jurisdiction to review a final order of the BIA pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.

We review for abuse of discretion the BIA's denial of Cruz–Trujillo's motion to reopen and to reconsider. *See Padilla–Agustin v. INS*, 21 F.3d 970, 973 (9th Cir.1994), *overruled on other grounds by Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). We review de novo Cruz–Trujillo's claim that he was denied procedural due process. *See Sharma v. INS*, 89 F.3d 545, 547 (9th Cir.1996).

Because Cruz–Trujillo untimely filed his notice of appeal from the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation and suspension of deportation, the BIA did not deny Cruz–Trujillo procedural due process when it failed to rule on the defective appeal. *See Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir.1993). The BIA did not abuse its discretion in denying Cruz–Trujillo's motion to reopen the deportation proceedings because he failed to proffer any new, material evidence to support the motion,

*see* 8 C.F.R. § 3.2(c)(1), and it is improper to reopen deportation proceedings solely to permit a late appeal, *see Da Cruz*, 4 F.3d at 722. In addition, the BIA did not abuse its discretion in denying the motion to reconsider because Cruz–Trujillo did not state why or how the IJ erred in denying the application for suspension of deportation. *See Padilla–Agustin*, 21 F.3d at 977–78.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Because deportation proceedings were initiated against Cruz–Trujillo on October 20, 1995, and the BIA dismissed his appeal on November 21, 2000, the transitional rules apply to his case.

