**Bao Hua DONG; aka Bau Dong;
Kyoko Yamarmoto
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 01–70717.
INS No. A77 169 413.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Dec. 4, 2002.

Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM ***

Bao–Hua Dong ("Petitioner") seeks review of the Board of Immigration Appeals' (BIA) dismissal of her appeal as untimely and its denial of her consolidated motions to reconsider that decision. We deny the petition for review.

The Immigration Judge ("IJ") denied Dong's petition for asylum on October 4, 1999. Petitioner's notice of appeal to the BIA was filed on November 29, 2000. The BIA dismissed Petitioner's appeal because it was untimely and Petitioner had failed to explain adequately the one-year delay.

Petitioner filed two motions for reconsideration which were dismissed by the BIA.

(1) The time limit for filing a Notice of Appeal with the BIA, like the time limit for filing petitions for review in this court, is mandatory and jurisdictional. *Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir.1993). Mandatory and jurisdictional time limits are "not subject to the defenses of waiver, equitable tolling, or equitable estoppel, although there may still be exceptions based on unique circumstances." *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1188 (9th Cir. 2001) (internal quotations omitted). The only circumstances deemed thus far to be "unique" in this or analogous contexts are those in which there has been official misleading. As this court put it in *Hernandez–Rivera v. INS*, 630 F.2d 1352, 1355 (9th Cir.1980), "where there has been an official misleading [i.e., by a court or administrative tribunal] as to the time within which to file a notice of appeal, the late notice may be deemed to have been constructively filed within the jurisdictional limits." Ineffective assistance of counsel has not been recognized as a "unique circumstance." Cf. *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042 (9th Cir.2000). The BIA, accordingly, had no discretion to excuse Petitioner's untimely appeal from the IJ's decision. *Da Cruz*, 4 F.3d at 722.

(2) Moreover, even if the BIA possessed such discretion, its conclusion that Petitioner had not adequately explained a year-long delay was clearly no abuse of that discretion.

(3) Petitioner's claim that denying her an appeal based on her counsel's incompetence would violate due process did not

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

confer appellate jurisdiction on the BIA. Such a claim does not justify ignoring a mandatory and jurisdictional time limit on an appellate remedy. Cf. *Dearinger.* It can be raised, if at all, in a habeas proceeding. *Id.*

DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.