Fernando VASQUEZ–MORENO,
et al., Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–71844.

INS Nos. A–74–814–836, A–74–814–837.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Aug. 15, 2003.

Before KOZINSKI and T.G. NELSON,
Circuit Judges, and RESTANI,* Judge.

MEMORANDUM**

Fernando Vasquez–Moreno and his wife Delfina Cerezo–Diaz ("the Petitioners"), both natives and citizens of Mexico, petition for review of a final decision of the Board of Immigration Appeals ("BIA") denying their motion to reconsider the dismissal of their appeal as untimely and to reopen their deportation proceedings. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply, and we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and deny the petition.

The Petitioners filed their appeal of the Immigration Judge's ("IJ") denial of their applications for suspension of deportation six days late. The BIA dismissed the appeal as untimely. The Petitioners subsequently moved for the BIA to reconsider or reopen their deportation proceedings and alleged that the notary public they retained to file the appeal failed to act in a timely fashion. The BIA denied the motion.

The BIA did not abuse its discretion in denying the Petitioners' motion to reconsider because they untimely filed the motion. *See* 8 C.F.R. § 3.2(b)(2) (1997) (stating that a motion to reconsider must be filed within 30 days after the mailing of the underlying decision).

It is undisputed that if viewed as a motion to reopen to present newly discov-

---

* The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ered evidence, Petitioners' motion was timely. Thus, Petitioners urge that we direct the BIA to allow them the opportunity to demonstrate that they missed the deadline for appeal due to ineffective assistance of counsel.

We do not reach the issue whether the time limit for appeal to the BIA may be tolled for ineffective assistance of counsel. *See Da Cruz v. INS,* 4 F.3d 721, 722 (9th Cir.1993) (indicating that the time limit for appeal to the BIA "is mandatory and jurisdictional"); *Hernandez–Rivera v. INS,* 630 F.2d 1352, 1354–55 (9th Cir.1980) (explaining that the jurisdictional time limit for appeal to the BIA is tolled under "unique circumstances" of "official misleading" as to the filing deadline).

Assuming *arguendo* that the conduct of a notary may constitute ineffective assistance of counsel, Petitioners must still demonstrate that the conduct of the notary prejudiced them. *See Iturribarria v. INS,* 321 F.3d 889, 901–02 (9th Cir.2003) (finding time to file motion to reopen deportation proceedings was not tolled based on ineffective assistance of counsel where the showing necessary for suspension of deportation was not made). Petitioners do not allege, let alone present evidence of, facts which would lead to the granting of suspension of deportation. Petitioners have not demonstrated prejudice and thus are not entitled to relief based on ineffective assistance of counsel. *See id.*

**PETITION FOR REVIEW DENIED.**