**Minghua MA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70132.

Agency No. A75–623–102.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Sept. 20, 2004.

Elif Keles, Los Angeles, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Jacqueline Dryden, Office of Immigration Litigation Civil Division, Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

MEMORANDUM**

Minghua Ma ("Ma") seeks review of a December 16, 2002 Board disposition denying Ma's September 9, 2002 motion to reconsider. The motion challenged both the Board's summary dismissal of his appeal and its denial of his motion to reopen.

A motion to reconsider must be filed within 30 days of the mailing of the Board decision. 8 C.F.R. § 1003.2(b)(2). There is no regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(3)(i)-(iv).

Ma's September 9, 2002 motion to reconsider the Board's summary dismissal of his appeal was filed well beyond the 30 day limit. Even if the filing deadline were equitably tolled by Ma's belated awareness of the underlying disposition (Ma claims to have first heard of the ruling in May 2002), Ma's September 9, 2002 motion to reconsider would still be considered late. Therefore, this court lacks jurisdiction to review the underlying merits of the April 25, 2002 summary dismissal. *See Da Cruz v. INS*, 4 F.3d 721, 722–23 (9th Cir.1993).

The portion of Ma's motion to reconsider challenging the Board's August 13, 2002 denial of his motion to reopen was timely, but without merit. The Board ruled correctly in denying his motion. Ma's argument that his status should be adjusted because of the probability that his wife's status will be adjusted is prematurely presented. The court has been informed that Ma's wife applied for adjustment of status in April 2002. Ma may benefit from his wife's status only after she attains permanent residency. *See* 8 U.S.C. § 1153(d) ("[A] spouse ... shall be entitled to the same status ... if accompanying or following to join, the spouse or parent.").

**THE PETITION IS DISMISSED IN PART AND DENIED IN PART.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.