Bulent ERTUR, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02-73047.

Agency No. A77-538-796.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Bulent Ertur, Seattle, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, James A. Hunolt, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Bulent Ertur, a native of Turkey and a citizen of Germany, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his untimely appeal of an immigration judge's ("IJ") decision, and the BIA's order denying his motion to reconsider. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss the petition for review in part, and deny it in part.

We lack jurisdiction to review the BIA's February 5, 2002 order of dismissal be-

cause Ertur's petition for review, which was filed on September 20, 2002, is not timely as to that order. *See Narayan v. INS*, 105 F.3d 1335, 1335 (9th Cir.1997) (order) (a petition for review of a final order of removal entered after October 30, 1996, must be filed within 30 days of the date of the order).

We also lack jurisdiction to consider Ertur's ineffective assistance of counsel claim because he failed to exhaust administrative remedies. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) ("We ... require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA.").

The BIA did not abuse its discretion in denying Ertur's motion to reconsider its order dismissing his appeal as untimely. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002) (this Court reviews for abuse of discretion the denial of a motion to reconsider). The time limit for filing a notice of appeal to the BIA is mandatory and jurisdictional. *See* 8 C.F.R. § 1003.38(b); *Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir.1993). Moreover, Ertur did not demonstrate any unique circumstances to excuse his failure to comply with the filing deadline. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1188 (9th Cir.2001) (en banc) (mandatory and jurisdictional time limits are "not subject to the defenses of waiver, equitable tolling, or equitable estoppel, although there may still be exceptions based on 'unique circumstances.' ").

The government's motion to strike extra-record documents is granted. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

administrative record on which the order of removal is based").

Ertur's remaining contentions also lack merit.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.