**Guadalupe Garcia DIAZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74681.

Agency No. A92–815–751.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Michael S. Cabrera, Esq., Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Guadalupe Garcia Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its decision dismissing as untimely his appeal of the Immigration Judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims arising out of removal proceedings, *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002), and we review for abuse of discretion the denial of a motion to reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The BIA did not violate Diaz's right to due process when it denied Diaz's motion for acceptance of an untimely brief and dismissed his appeal for lack of jurisdiction because Diaz filed his notice of appeal late. *See Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir.1993). The BIA did not abuse its dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cretion in denying Diaz's motion to reconsider because Diaz failed to proffer any new, material evidence to support the motion, *see* 8 C.F.R. § 3.2(c)(1), and it is improper to reopen deportation proceedings solely to permit a late appeal, *see Da Cruz,* 4 F.3d at 722.

PETITION FOR REVIEW DENIED.