**Ilda LOPEZ–HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72633.
Agency No. A92–971–764.

United States Court of Appeals,
Ninth Circuit.

Submitted on May 9, 2005.\*\*

Decided May 12, 2005.

Karla Kraus, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice Civil

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM***

Ilda Lopez–Hernandez, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals' ("BIA") decision dismissing as untimely her appeal from an Immigration Judge's ("IJ") decision denying her applications for cancellation of removal and adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the BIA's determination that it lacked jurisdiction, *see Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir.1993), and we grant the petition for review.

The time limit for filing a notice of appeal with the BIA is mandatory and jurisdictional. *Id.* However, "[u]nder certain unique circumstances, an appellate tribunal may have jurisdiction to hear an appeal that was not filed within the prescribed time limits." *Hernandez–Rivera v. INS*, 630 F.2d 1352, 1354 (9th Cir.1980). Such "unique circumstances" are present here, as Lopez–Hernandez paid additional postage for Express Mail Delivery, Second Day service five days before the deadline for appeal and the United States Post Office admitted its negligence resulted in a delivery that was over two months late.

Contrary to the government's contention, Lopez–Hernandez was not required to file a motion to reconsider the BIA's untimeliness determination in order to exhaust administrative remedies. *See Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir.2003) ("[M]otions to reconsider, like motions to reopen, are not 'remedies available ... as of right' within the meaning of 8 U.S.C. § 1252(d)(1).").

Accordingly, we grant the petition for review and remand to allow the BIA to exercise its discretion as to whether to accept Lopez–Hernandez's late-arriving notice of appeal as a "rate circumstance." *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that when agency has not reached an issue, the proper course is to remand to the agency in the first instance to address it).

**PETITION FOR REVIEW GRANTED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

