**Augustin RODRIGUEZ–NAVARRO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74233.

Agency No. A92–602–409.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Gary Finn, Attorney at Law, Law Offices of Gary Finn, Indio, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Norah Ascoli Schwarz, John C. Cunningham, Luis E. Perez, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Augustin Rodriguez–Navarro, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals' ("BIA") dismissing as untimely his appeal from the immigration judge's order denying his application for suspension of deportation. We review de novo whether the BIA had jurisdiction over an untimely appeal. *Da Cruz v. INS,* 4 F.3d 721, 722 (9th Cir.1993). We deny the petition for review.

The record reflects that the immigration judge's oral decision was rendered on January 6, 2003, that the notice of appeal was therefore due on February 5, 2003, and that it was received by the BIA on February 6, 2003. "The time limit for filing an appeal is mandatory and jurisdictional." *Id.* (discussing the BIA's 30–day limit). "If a time limit is jurisdictional, it is not subject to the defenses of waiver, equitable tolling, or equitable estoppel, although there may still be exceptions based on unique circumstances." *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1188 (9th Cir.2001) (en banc) (internal quotation removed). Accordingly, we cannot say that the BIA improperly dismissed the appeal as untimely, even though it was only one day late, and even though the BIA acknowledged receipt of the appeal and ordered briefing. *See Da Cruz,* 4 F.3d at 722; *see also* 8 C.F.R. § 1003.38(b) and (c). Rodriguez–Navarro has not pointed to the type of "rare circumstances" under which the BIA may excuse late filing. *See Oh v. Gonzales,* 406 F.3d 611, 613 (9th Cir.2005).

Rodriguez–Navarro contends that the BIA abused its discretion when it did not accept the appeal under the certification authority, pursuant to 8 C.F.R. § 1003.1(c). However, no request for cer-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tification was made in this case. *See Da Cruz,* 4 F.3d at 722.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

