Elio Anibal **GONZALEZ PACHECO,** Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 04–72139.

Agency No. A70–816–292.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Evelyn G. Zneimer, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Elio Anibal Gonzalez Pacheco, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals decision adopting and affirming an Immigration Judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review sua sponte the question of whether the BIA had jurisdiction. *See Da Cruz v. INS,* 4 F.3d 721, 722 (9th Cir.1993).

We grant the petition and remand this case to the BIA for it to consider expressly whether it has jurisdiction over Pacheco's appeal in light of the "rare circumstances" exception explained in *Oh v. Gonzales,* 406 F.3d 611, 614 (9th Cir.2005). *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (holding that when an agency has not reached an issue, the proper course is to remand to the agency in the first instance to address).

PETITION FOR REVIEW GRANTED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

