**Pedro Gonzalez MORAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70307.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2006.*

Filed Dec. 21, 2006.

Andres Moreno, Esq., William Baker, Esq., Chula Vista, CA, for Petitioner.

CAS–District Counsel, San Diego, CA, Ronald E. Lefevre, Chief Counsel, San Francisco, CA, James A. Hunolt, Esq., Song Park, Esq., Washington, DC, for Respondent.

Before: REINHARDT, KOZINSKI and IKUTA, Circuit Judges.

MEMORANDUM **

To the extent we have jurisdiction to review questions of law under 8 U.S.C. § 1252(a)(2)(D), we conclude that the BIA did not err in denying petitioner's appeal as untimely. See 8 C.F.R. § 1003.38(c) ("The date of filing ... shall be the date the Notice is received by the Board."); *see also Da Cruz v. INS,* 4 F.3d 721, 722 (9th Cir.1993) ("The time limit for filing an appeal is mandatory and jurisdiction-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

al."). Under section 1252(a)(2)(D), we do not have jurisdiction to review the BIA's discretionary decision not to certify the untimely appeal. Nor do we have jurisdiction to review petitioner's ineffective assistance claim because it has not been administratively exhausted. See *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997).

Petitioner does not raise the issue whether the underlying conviction constituted an aggravated felony in his opening brief. Nor does he argue in his supplemental brief that we may address this claim, even if the BIA properly denied his appeal as untimely. We thus do not reach this issue. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992).

**DISMISSED** in part and **DENIED** in part.