**Antoine GOMIS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77424.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 20, 2008.

Antoine Gomis, Bakersfield, CA, pro se.

Marion E. Guyton, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON and BEA, Circuit Judges.

MEMORANDUM **

Antoine Gomis, a native of Senegal and citizen of France, petitions pro se for re-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

view of an order of the Board of Immigration Appeals ("BIA") dismissing as untimely his appeal from an immigration judge's ("IJ") decision in asylum-only proceedings denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition for review.

The BIA correctly dismissed Gomis' appeal because it was filed a week late. *See Da Cruz v. INS*, 4 F.3d 721, 722 (9th Cir.1993); 8 C.F.R. § 1003.38(b) (requiring the notice of appeal to the BIA to be filed within 30 days of the IJ's decision). Gomis' contention that the "prison mailbox rule," which deems papers filed when delivered to prison authorities for forwarding to a court clerk, should apply here to render his appeal timely lacks merit because the regulation governing appeals to the BIA defines the date of filing as "the date the Notice is received by the Board." 8 C.F.R. § 1003.38(c); *cf. Nigro v. Sullivan*, 40 F.3d 990, 994–96 (9th Cir.1994). Accordingly, we do not reach Gomis' contentions regarding the underlying merits of the 2005 removal order. *See Da Cruz*, 4 F.3d at 722–23.

We lack jurisdiction to consider challenges to the 2004 removal order and any other previous agency determinations. *See* 8 U.S.C. § 1252(b)(1) (requiring a petition for review to be filed within 30 days of the challenged final removal order). We also lack jurisdiction to review Gomis' claims regarding detention and government misconduct. *See* 8 U.S.C. § 1252(a) (conferring jurisdiction over final orders of removal).

Our jurisdiction to consider Gomis' claim of derivative citizenship is governed by 8 U.S.C. § 1252. We deny the claim as frivolous. *See Iasu v. Smith*, 511 F.3d 881, 886, 889–91 (9th Cir.2007) (acknowledging

ed by 9th Cir. R. 36–3.

jurisdiction over non-frivolous citizenship claims in petitions for review). Gomis states his father may have obtained citizenship at some point when he was a sailor but does not set forth a basis for deriving status from his father.

Gomis' remaining contentions are unpersuasive.

All pending motions and requests are denied.

## PETITION FOR REVIEW DENIED.