**Maria Do Nascimento VICENTE, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–70312.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 23, 2008.

Scott Bratton, Esquire, Margaret Wong & Associates Co., LPA, Cleveland, OH, for Petitioner.

District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Corey Leigh Farrell, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Maria Do Nascimento Vicente, a native and citizen of Portugal, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing as untimely her appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether the BIA had jurisdiction over an untimely appeal. *Da Cruz v. INS,* 4 F.3d 721, 722 (9th Cir.1993). We deny the petition for review.

The record reflects that the IJ's decision was rendered on September 25, 2006, that the notice of appeal was therefore due on October 25, 2006, and that it was received by the BIA on October 26, 2006. We cannot say that the BIA improperly dismissed the appeal as untimely, even though it was only one day late. *See id.* at 722; 8 C.F.R. § 1003.38(b) and (c); *see also Matter of Liadov,* 23 I. & N. Dec. 990,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

991 (BIA 2006) (an appeal is not deemed filed until it is received by the BIA and the BIA does not observe the "mailbox rule"). Moreover, Vicente has not pointed to the type of "rare circumstances" under which the BIA may excuse late filing. *See, e.g., Oh v. Gonzales,* 406 F.3d 611, 613 (9th Cir.2005).

In light of our disposition, we need not reach Vicente's contentions that her waiver of appeal was not knowing and voluntary and that she was deprived of the right to counsel.

**PETITION FOR REVIEW DENIED.**