Angelica Maria LOPEZ–VEGA, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 04–74611.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.**

Filed Nov. 13, 2007.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

48

Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ashley B. Han, DOJ-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Ian E. Silverberg, Esq., Reno, NV, for Petitioner.

*** This disposition is not appropriate for publication and is not precedent except as provid-

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

Angelica Maria Lopez–Vega, native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals. The order in question dismissed her appeal from the decision of the Immigration Judge denying her application for adjustment of status and cancellation of removal. The BIA's order states that Lopez–Vega's first notice of appeal was timely submitted, but "was rejected due to filing defects." By the time Lopez–Vega filed a corrected notice of appeal, the deadline had passed, and the BIA therefore dismissed the appeal as untimely.

■ The BIA's order does not explain how Lopez–Vega's first notice of appeal was defective, and nothing else in the administrative record is sufficiently illuminating. After Lopez–Vega's first attempt to appeal, she received a notice from the BIA stating that her appeal was being rejected because "the certificate of service is incomplete. The full address of the Office of the District Counsel must be shown. Also, only one fee is required for this appeal which includes any riders." The record does suggest that the first notice of appeal contained an incomplete address for District Counsel, but the government's brief makes no mention of this omission, much less proffer any authority that such a mistake would result in the rejection of a notice of appeal.

ed by 9th Cir. R. 36–3.

The government instead asserts that Lopez–Vega's appeal was properly rejected because of her failure to pay the correct filing fee. With regards to the fee, the language of the rejection notice suggests that Lopez–Vega paid *more* than the amount due. We fail to understand how an overpayment would result in the rejection of a notice of appeal; none of the authorities cited by the government, including the administrative regulations, directs such a result.

We therefore grant the petition for review, and remand to the BIA. Upon remand, the BIA shall *either*: (1) clarify with specificity the filing defects and the authority under which such defects would justify the rejection of the first notice of appeal and render the second notice of appeal untimely; *or* (2) deem the notice of appeal timely filed and conduct further proceedings accordingly. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995) (explaining that the BIA's decision "must contain a statement of reasons for denying the petitioner relief adequate for us to conduct our review").

PETITION GRANTED.