Juan Carlos LOPEZ–VEGA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 04–74610.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2009.*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Filed June 16, 2009.

Before: NOONAN, THOMPSON and
N.R. SMITH, Circuit Judges.

MEMORANDUM **

Juan Carlos Lopez–Vega, a native and
citizen of Mexico, petitions for review of an
order of the Board of Immigration Appeals
("BIA"). In this order, the BIA dismissed
Lopez–Vega's appeal from the Immigra-
tion Judge's decision denying his applica-

R.App. P. 34(a)(2).

tion for adjustment of status and for can-
cellation of removal. The BIA's order
states that Lopez–Vega's notice of appeal
was timely presented for filing, but was
rejected because the certificate of service
was incomplete. The Board determined
that the Notice of Appeal failed to show
the complete address of the Office of Dis-
trict Counsel being served.

Under 8 C.F.R. § 1003.38(b), an appeal
must be filed within thirty calendar days of
an immigration judge's decision. The BIA
explicitly warned Lopez–Vega that this
deadline would not be tolled, and that he
must re-submit his appeal along with a
complete certificate of service before the
thirty days expired. By the time Lopez–
Vega perfected his appeal, the thirty day
deadline had passed, and the BIA rejected
his appeal as untimely.

The BIA's order constitutes a final order
of removal which we have jurisdiction to
review under 8 U.S.C. § 1252(a)(1). The
government argues that we lack jurisdic-
tion because Lopez–Vega did not file a
motion with the BIA for reconsideration,
and thus failed to exhaust his administra-
tive remedies. The government is incor-
rect. Because a motion to reconsider is
considered a request for discretionary re-
lief, it does not constitute a remedy which
must be exhausted prior to our direct re-
view. *Noriega–Lopez v. Ashcroft,* 335
F.3d 874, 880–81 (9th Cir.2003). We re-
view de novo whether the BIA had juris-
diction to consider an untimely appeal.
*Da Cruz v. INS,* 4 F.3d 721, 722 (9th
Cir.1993).

On appeal, Mr. Silverberg, Lopez–
Vega's attorney, does not address the al-
leged filing defect in the certificate of ser-
vice. Nor does he explain his failure to

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

perfect Lopez–Vega's appeal before the thirty-day deadline.

Instead, inexplicably, Mr. Silverberg argues that his failure to include the correct filing fee with Lopez–Vega's application constitutes excusable neglect, and that Lopez–Vega's Notice of Appeal should not be deemed untimely as a result of his error. Nothing in the record suggests that Lopez–Vega's appeal was rejected due to an incorrect filing fee. It appears that Mr. Silverberg may have re-used the template from the briefs he submitted in Lopez–Vega's sister's case. In that case, the BIA rejected Ms. Lopez–Vega's appeal for the same defect on the certificate of service, as well as an overpayment of the filing fee. *Lopez–Vega v. Keisler,* 257 Fed.Appx. 47 (9th Cir.2007) (unpublished).

Ordinarily, the failure to raise an argument in an opening brief will result in waiver of that argument. *See, e.g., Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996). Here, however, we think it unfair to punish Lopez–Vega for his attorney's inexcusable negligence.

Though neither party has addressed this, from the record before us, it is clear that Mr. Silverberg's representation of Lopez–Vega was deficient.[1] Mr. Silverberg's alleged failure to accurately complete the certificate of service, as well as his failure to file the corrected appeal by the June 30, 2004 deadline, constitute "egregious" errors which prejudiced Lopez–Vega's appeal. *Matter of Compean,* 24 I. & N. Dec. 710, 732–33 (BIA 2009); *see also Granados–Oseguera v. Gonzales,* 464 F.3d 993, 998 (9th Cir.2006) (holding counsel's performance deficient based in part on failure to file a timely petition for review); *Ray v. Gonzales,* 439 F.3d 582, 588 (9th Cir.2006) (holding counsel's performance deficient based in part on failure to meet procedural requirements of two motions to reopen); *Siong v. INS,* 376 F.3d 1030, 1037 (9th Cir.2004) ("Failing to file a timely notice of appeal is obvious ineffective assistance of counsel."). These errors are compounded by the irrelevant briefing submitted by Mr. Silverberg in this appeal.

The time limit for filing a notice of appeal with the BIA is mandatory and jurisdictional. *See Da Cruz,* 4 F.3d at 722. Yet we have recognized this rule may be subject to exceptions in "rare circumstances." *See Oh v. Gonzales,* 406 F.3d 611, 612–13 (9th Cir.2005). Applicants filing for asylum are subject to a similar jurisdictional bar; exceptions to this one-year bar are made in "extraordinary circumstances," which include ineffective assistance of counsel. 8 C.F.R. § 208.4(a)(5)(iii). We conclude that Mr. Silverberg's deficient performance warrants just such an exception in this case.

Accordingly, we grant the petition for review, and remand to the BIA for consideration of the merits of petitioner's appeal.

SMITH, N.R., Circuit Judge, dissenting:

Because (1) Petitioner filed an untimely appeal with the BIA; (2) Petitioner waived appealing the reason the BIA refused to accept his original filing, by failing to address it in his opening brief; and (3) the

---

1. Mr. Silverberg has represented Lopez–Vega in connection with his removal proceedings since at least 2003. Ordinarily, deficient performance of counsel claims must be evaluated in the first instance by the BIA. *See, e.g., Puga v. Chertoff,* 488 F.3d 812, 815–16 (9th Cir. 2007). In these circumstances, however, we can hardly have expected Lopez–Vega to raise this claim on his own behalf. The deficiencies of counsel's performance are clearly documented in the record. Thus, we determine it is appropriate to address the issue *sua sponte. Id.* at 816 (observing that strict compliance with ordinary exhaustion and procedural requirements may be excused when "the record shows a clear and obvious case of ineffective assistance.") (internal quotation marks and citation omitted).

record supports the BIA decision to reject the original filing, I dissent.

### 1. Petitioner's Notice of Appeal was untimely.

On May 11, 2004, the IJ ordered Lopez–Vega's removal. On June 7, 2004, the BIA received Lopez–Vega's Notice of Appeal. Lopez–Vega failed to provide a complete address in the certificate of service. The "Proof of Service" section in the Notice of Appeal expressly states "if you do not complete this section properly, your appeal will be rejected or dismissed." As such, the BIA rejected Lopez–Vega's Notice of Appeal on June 15, 2004. The rejection notice states, in relevant part:

> We have returned your appeal and all attachments to you for timely correction of the defect(s). THIS DOES NOT EXTEND THE ORIGINAL STRICT 30–DAY TIME LIMIT within which you must file your appeal. . . .
>
> Your appeal must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. . . .
>
> Any corrected appeal submitted after the 30–day time limit should be filed within 15 days of this notice and should include a request that the Board accept the appeal by certification. . . .

Despite these specific instructions, Lopez–Vega (1) did not file his corrected Notice of Appeal until July 8, 2004 (8 days after the required June 30, 2004 date) and (2) did not include a request to accept by certification. Thus, Lopez–Vega did not timely file his Notice of Appeal. These facts are undisputed in the record. Therefore, the petition must be denied.

### 2. In his opening brief, Lopez–Vega failed to address the reason the BIA rejected his June 7, 2004 filing.

In order to justify his failure to follow the BIA instructions in filing his appeal, Lopez–Vega's counsel ignores those instructions and instead argues that his failure to include the correct filing fee (with his June 7, 2004 Notice of Appeal that was rejected) was excusable neglect. Lopez–Vega then argues that the original filing date of the Notice of Appeal should apply once the correct filing fee was paid. However, the record reflects that the BIA rejected the appeal, not because of a filing fee error, but because it lacked "the complete address of the Office of the District Counsel you are serving." Nowhere in Lopez–Vega's opening brief does he address this issue. Further, nowhere in Lopez–Vega's opening brief does he explain why he missed the June 30, 2004 filing date. Therefore he waived any challenge to the BIA's decision to reject his original filing and to dismiss his appeal as untimely. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived).

### 3. The record establishes that the June 7, 2004 Notice of Appeal was defective.

Even if Lopez–Vega did not waive the issue regarding the BIA rejection of the original filing of the appeal, the record adequately provides a basis for the BIA's rejection: (1) the original appeal (filed stamped June 7, 2004) was rejected for its failure to have a complete address of the Office of the District Counsel; (2) the original appeal and all supporting documentation were sent back to Petitioner; and (3) the appeal and supporting documents were re-sent to the BIA and file stamped July 9, 2004 (not June 30 as required) and without the required request for appeal certification. The accuracy of these facts have not been challenged.

On de novo review, the record reflects that (1) the BIA sent the Rejection of

Appeal with the original documents to the petitioner, noting the specific deficiency, and (2) Lopez–Vega refiled the application correcting the alleged defect. There is nothing in the record or Lopez–Vega's opening brief which alleges that the reason set forth in the Rejection of Appeal was inaccurate. Despite the BIA's instructions on (1) how to timely refile and/or (2) request an appeal by certification, Lopez–Vega failed to do either. Thus, I would hold that the BIA did not err in finding the appeal untimely.

### 4. We should not raise an ineffective assistance of counsel claim sua sponte.

The majority concludes that it is unfair to punish Lopez–Vega for his counsel's errors. The majority also lists counsel's alleged errors in pursuing this appeal. However, even so, there is no precedent for the proposition that this court should sua sponte raise a claim of ineffective assistance of counsel in immigration proceedings. We have recognized that a court should raise sua sponte a claim of ineffective assistance of counsel in criminal cases "if the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel ...." *United States v. Wagner,* 834 F.2d 1474, 1482 (9th Cir.1987) (internal citation and quotation marks omitted). However, we have never extended a Sixth Amendment right to counsel to immigration proceedings. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). Therefore, if Lopez–Vega chooses to file an ineffective assistance of counsel claim, the proper procedure is to file a motion to reopen before the BIA. *See Liu v. Waters,* 55 F.3d 421, 426 (9th Cir.1995) ("Because the BIA is fully competent to address [ineffective assistance of counsel claims], we hold that [the petitioner] must first make a motion to reopen, with new counsel, if necessary, citing ineffective assistance of counsel as

his reason for failing to raise the claim earlier."). In following this proper procedure, the BIA can properly evaluate (1) whether Lopez–Vega's counsel failed to perform with sufficient competence and (2) whether Lopez–Vega was prejudiced by counsel's performance. *See Ahmed v. Mukasey,* 548 F.3d 768, 771 (9th Cir.2008). We should not evaluate those issues here.